Pw arson, J.
 

 The testator directs that, at the death of his wife, the property shall be equally divided
 
 “
 
 between all my children that are now living, or their lawful heirs.” It is
 
 *81
 
 manifest that
 
 “
 
 now” is used in opposition to the time of the death of his wife, consequently, the will had reference to the time of its execution, and speaks as of that date. "We are of opinion that all of the children, who were living at that time, are embraced by its terms. Catharine and William, who both died before the date of the will, are excluded, and their children are not entitled to a share in the division.
 

 In respect to John, who died after the execution of the will, but before the testator, leaving children, we are of opinion that the share which he would have been entitled to, is given to his distributees, as purchasers, and not as claiming under his personal representative. It is settled, that the word “heirs” when used in reference to personal property, (as it is in the clause under consideration,) means distributees, and as the limitation over, is to the children now living,
 
 or
 
 their heirs, at the death of the wife, the distributees of John take under that description, which prevents a lapse by his death, which would have taken place had the limitation been to the children now living
 
 and
 
 their heirs.
 

 In respect to Bonnet, who died after the testator, leaving a widow, and no children, we are of opinion that the share of the property did not vest in him, but that his distributees, including his widow, are entitled thereto as purchasers, answering the description at the time of the division. If the words “ children now living
 
 or
 
 their heirs” stood unconnected with any thing else, we should construe the word
 
 or
 
 to mean and, so as to give each child an absolute estate, for
 
 nemo est hceres
 
 viventes, and “ the heirs” of a living person can only be used to limit his estate; hutas the division was to be at a future time i. e. at the death of his wife, there is no inconsistency in describing the persons who are to take at that time, as the children now living, or the heirs (distributees) of such of them as are now living, but may then be dead. So, wo have no ground for making “cr” mean “and,” or for making the word “heirs” a -word of limitation, and not a word of purchase, which is the sense given to it by the use of the word “ or.”
 

 
 *82
 
 Per Curiam. There will be a decree, declaring' the rights of the parties in pursuance of this opinion. The costs will be paid out of the fund by the executors.