7088

### ANDERSON v. SILCOX.

1. COMMISSIONS OF ADMINISTRATORS AND GUARDIANS.—Sections 2560 and 2561, of Code of 1902, provide that extra compensation may be awarded fiduciaries for extraordinary services *provided* the sum allowed does not amount to a sum equal to the commissions allowed by statute and the amount be awarded by verdict of a jury, but where under agreement and waiver of jury trial the Court passes on the question its findings are final where supported by any evidence.

2. ACCOUNTING OF ADMINISTRATORS.—Compensation to bookkeeper by administrator with will annexed for services in running the factoring business of deceased for a season in order to realize on assets, allowed.

3. IBID.—EXPENDITURES BY GUARDIAN OF CORPUS for wards to maintain them in their station in life made without permission of the Court, now sustained by the Court and allowed.
   MR. JUSTICE WOODS *dissents*.

4. ACCOUNTING.—EXPENDITURES BY GUARDIAN of $20 per month for board for wards, of $10 per month for services of wife of guardian to the wards and for trousseau for ward, allowed.

5. IBID.—ADMINISTRATORS—INTEREST.—Rule for charging fiduciaries with interest is: First, that the fiduciary is chargeable with interest from the beginning of the year succeeding that in which he received

his appointment; second, that all funds received during the current year are to be regarded as unproductive until the end thereof, and all expenditures made during the year should be regarded as made before the balance is struck, and interest is chargeable on the balance so struck. Any sums improperly expended by the fiduciary must be regarded as still in hand in striking the annual balance.

6. GUARDIAN.—Nothing in the record here to warrant Court in removing guardian.

7. COSTS IN EQUITY are within discretion of trial Judge, and his judgment therein will not be disturbed.

Before WATTS, J., Charleston, December, 1907. Modified.

Action by Sarah M. Anderson *et al.* against A. H. Silcox and H. P. Spear, administrator of F. A. Silcox *et al.* From Circuit decree, plaintiffs appeal.

*Messrs. Burke, Rivers* and *Erckmann,* for appellant, cite: *Relationship of guardian to estate is not of profit:* 13 Rich. Eq., 201; 9 Rich. Eq., 199. *Extra compensation to guardian:* 1 DeS., 542; 1 McC. Ch., 4; 4 DeS., 369; 6 Rich. Eq., 2; Perry on Trusts, 391; 39 S. C., 252. *Salary of bookkeeper:* 2 McC. Ch., 43; Chev., 137, 143; 1 McC. Ch., 6. *To whom do profits of business continued without authority belong?* 9 Rich. Eq.; 199. *Can trustee make profit out of estate?* Perry on Trusts, 386, 388; 38 S. C., 455; 37 S. C., 135. *Collection of accounts by administrators:* 4 Rich. Eq., 93; 18 S. C., 1; 7 S. C., 317. *Administrator with will annexed cannot sell real estate under the will:* 38 S. C., 299. *Charges must be for benefit of estate:* 11 S. C., 93. *Did trustee have right to spend corpus in support of children?* 2 Hill Ch., 370; 3 Rich. L., 463; 1 Strob. Eq., 76; 1 Hill, 60; 2 McC. Ch., 199, 211; 3 Strob. Eq., 33; 3 Rich. L., 463; 1 Spear Eq., 33; Shouler on Dom. Rel., 455; 28 S. C., 453; 4 Rich. Eq., 392; 57 S. C., 42. *Removal of guardian:* 15 Ency., 49; Perry on Trusts, 254-5. *Costs:* 44 S. C., 109; 37 S. C., 144, 516.

*Messrs. Mordecai & Gadsden, Rutledge & Hagood,*
contra, cite: *It is duty of guardian to maintain wards as
their station in life warrants:* 15 Ency., 101; Pom. Eq.,
sec. 1309; Story Eq., sec. 1357; 70 N. C., 110; 16 Vt.,
683; 67 Mass., 455; 58 N. W., 852; 33 At., 315; 32 N.
H., 345; 53 Ky., 232; 3 Am. L. Rev., 590.

December 18, 1908.   The opinion of the Court was de-
livered by

MR. JUSTICE JONES.   F. A. Silcox died July 1, 1897,
leaving a will giving his whole estate to his wife, Carrie
O. Silcox, and appointed her sole executrix; but she, hav-
ing died September 30, 1893, the defendants, A. H. Silcox
and H. P. Spear, became administrators with the will
annexed of said estate, with the Fidelity and Deposit
Company of Maryland as surety on the administration
bond.   For some years previous, and up to his death, F.
A. Silcox conducted, at Charleston, S. C., a large business
as cotton factor and commission merchant, and left a large
estate, consisting of about $20,000, in quick assets, stocks,
bonds, etc., notes and accounts in his business nominally
about $112,000, appraised as $40,000, and about sixty
pieces of real estate, lying in several counties of the State.
Carrie O. Silcox died intestate, leaving an estate of about
$12,000.   The plaintiffs, except John J. Anderson, are
children of F. A. Silcox and Carrie O. Silcox, and sole
distributees of said estates.

At the death of F. A. Silcox the plaintiffs, Sarah M.,
F. Augustus, Carrie O., Martha S., and James H. Silcox,
were respectively sixteen, fifteen, thirteen, twelve and nine
years of age.   In July, 1899, the defendant, H. P. Spear,
became guardian of the persons and estates of said plain-
tiffs, with defendant, Fidelity and Deposit Company, as
surety on his bond.   The plaintiff, Sarah M. Anderson,
on September 12, 1903, intermarried with her co-plaintiff,

John J. Anderson, and on coming of age demanded an accounting of her said guardian.

This action was commenced March 31, 1903, for an accounting by administrators and guardian. The issues of law and fact raised by the pleadings were referred to Master Sass, on July 10, 1903, and he made a full report thereof, stating the accounts. Exceptions were taken to the master's report, and the cause was heard by Judge R. C. Watts, who, on December 21, 1907, made decree modifying the master's report in certain particulars, and referred the case back to the master to restate the accounts and report the balance due by the defendants, in accordance with the conclusions announced in said decree. From this decree the plaintiffs appeal, on numerous exceptions.

With reference to the accounts of the administrators: The master rejected, but the Circuit Court allowed to the administrators, a charge of $1,900, as extra compensation paid themselves, above regular commissions, for the management of the estate. For some time after the death of F. A. Silcox, without obtaining permission of the Court, the administrators undertook to carry on the business, with a view to collect the accounts appertaining thereto, and in this business about $40,000 of the money of the estate was loaned, as advances to customers, mainly on cotton deposited. Besides collecting back the $40,000, the administrators collected about $33,000 on the said accounts. For extra services in this connection the administrators were allowed $1,900 by the Circuit Court.

The matter of allowing extra compensation to fiduciaries is regulated by statute. By sec. 2560 of Civid Code executors and administrators are allowed commissions of two and one-half per cent. on moneys received, and two and one-half per cent. on moneys paid out, in the administration of the estate, and by section 2590 the same commissions are allowed trustees. Section 2561 provides:

"Any executors or administrators who shall have had extraordinary trouble in the management of the estates under their care, and shall not be satisfied with the sums hereinbefore mentioned, may be at liberty to bring an action in the Court of Common Pleas for their services, and the verdict of the jury and the judgment of the Court thereupon shall be final and conclusive in such cases: *Provided, always,* That no verdict shall be given for more than five per centum over and above the sums allowed by this chapter."

We construe this to mean that in no case shall the extra compensation allowed exceed in amount a sum equal to the commissions allowed.

The statute requires the amount of extra compensation to be ascertained by verdict of jury and judgment thereon. This would require reversal of the action of the Circuit Court, as in *Cunningham* v. *Cunningham,* 81 S. C., 506, unless the trial by jury has been waived by both parties and the issue of fact submitted to the Court. The record, at folio 835, contains this agreement of counsel: "It is understood that the ruling of the master disallowing extra compensation to the administrators and guardian is made by the stipulation of counsel waiving the strict legal right of fiduciaries to apply to the law court for extra compensation, and is considered as having been made on the merits of the application." The parties having thus waived trial of the issue by jury, and having submitted the same to the Court, sitting as a jury, it was competent for Judge Watts to pass upon the question of extra compensation. But his finding thereon is as final and conclusive as would have been the verdict of a jury. As we cannot say that there is no testimony whatever to support the finding, and as it does not exceed in amount the sum of the regular commissions allowed by the Statute, which were over $3,000, we have no power to disturb the conclusion.

With respect to the allowance to the administrators of $650, as disbursement to H. W. Silcox, as book-keeper, both the master and Circuit Court concur in regarding this as a proper charge, and we are not disposed to disallow it.

Expenditure of the corpus: On the theory that the administrators had trenched upon the corpus of the estate to the amount of $945.67, in expenditures for the support of the plaintiffs, the Circuit Court reversed the master's court and allowed such expenditure as proper under the circumstances. Since, however, both the master and the Circuit Court concur in rejecting the administrators' charge of $334.14, premiums on bonds, and $2,201.62, commissions on advances, and no exception is taken thereto in behalf of the administrators, it would seem that the items restored to the estate would bring the expenditures within the income.

This matter of expenditure of the corpus of the estate is more material, as applied to the account of the guardian. It appears that the guardian expended on the plaintiffs $6,438.12 beyond the income of the estate. This item was disallowed by the master, but allowed by the Circuit Court. Upon this matter Judge Watts said: "Taking into consideration the extent of the testator's estate, the condition of life and surroundings in which his children had been raised and brought up during his lifetime, the position in life which they were destined to occupy, and which could reasonably have been anticipated, with the cost of living, and their proper position in society, and the benefit to be derived in the maturity of their years from their education and early surroundings, I am satisfied that this guardian not only acted with good judgment and discretion, but that the expenditure by him of the amount of the corpus for each of the children of his testator was a wise and proper use of such corpus. If the application had originally been made to me, I should

have unhesitatingly granted it in the first instance. With children in the surroundings such as these children enjoyed at the time of their father's death, consideration of their future position in life, the extent of the income of the estate, limiting the proper preparation of each of the children for the future, it was not only wise and proper, but, in my judgment, it was the duty of the guardian to have expended this amount of the corpus for these purposes."

The general rule of law is that the guardian should not exceed the income of the estate in expenditures for his ward without the sanction of the Court, and to obtain such sanction it is incumbent on the guardian to show some emergency or expediency justifying encroachment upon the corpus. Ordinarily such sanction should be obtained previous to the expenditure, but it is competent for the Court to sustain such expenditure upon an accounting, if the showing is such as would have moved the Court to have previously authorized it. *Morton* v. *Adams*, 1 Strob. Eq., 76; *Villard* v. *Chovin*, 2 Strob. Eq., 42; *Holmes* v. *Logan*, 3 Strob. Eq., 33; *Wright* v. *Wright*, 2 McCord Ch., 199. In view of all the circumstances, the appellants have failed to convince us that the action of the Circuit Court in approving the expenditure of part of the corpus by the administrators and guardian should be reversed. The extent of the encroachment upon the corpus will not be so great, as indicated by the amount stated above, upon the final statement of the accounts, eliminating certain charges disallowed.

Expenditures by administrators and guardian for board of the plaintiffs: The Circuit Court concurred with the master in allowing a charge of twenty dollars per month for each child, as representing the expenses of board. This seems very liberal allowance, and we have hesitated somewhat to approve the same, but there is conflict in the testimony as to what would be reasonable and proper under the circumstances, and we

are unable to affirm with confidence that the judgment of the master and the Circuit Court is erroneous. The exceptions touching this question must, therefore, be overruled.

Extra compensation to the guardian: The Circuit Court allowed the guardian $30 per month, as extra compensation for his services. For reasons stated in considering the same question, in respect to the administrators, this allowance must be sustained to the extent that the allowance shall not exceed the sum of the commissions provided by law to the guardian. If in restating the accounts this amount of extra compensation shall exceed the regular commissions, it must be regarded as disallowed by this Court to the extent of the excess.

Services of Mrs. Spear: We approve the action of the Circuit Court in allowing the guardian ten dollars per month, for expenditures, to Mrs. H. P. Spear for her services to the wards. The services were valuable, and the compensation allowed is not excessive.

As to the trousseau: The Circuit Court concurred with the master in allowing an amount to be hereafter fixed for expenditures of the guardian in supplying trousseau to the plaintiff, Mrs. Anderson. This matter is not seriously contested by appellants, and it cannot be doubted that a reasonable expenditure for this purpose would constitute a proper charge.

Interest: The master held that the plaintiffs are entitled to interest on amounts improperly expended by the administrators and guardian, and on amounts found to be due by them annually on the accounting. The Circuit Court held that the administrators are only liable for simple interest on the annual balance in their hands of the funds uninvested by them and not retained to meet the demands of the estate. The general rules on this subject are, first: (1) That the fiduciary is chargeable with interest from the beginning of the year succeeding

that in which he received his appointment. *Koon* v. *Munro,* 11 S. C., 139. (2) That all funds received during the current year are to be regarded as unproductive until the end thereof, and all expenditures made during the course of the year should be regarded as made before the balance is struck, and that interest is chargeable upon the annual balance so struck. *Nicholson* v. *Whitlock,* 57 S. C., 42, 35 S. E., 412. There may be special circumstances which would warrant a departure from these rules, but no such circumstances appear in this case. Any sums improperly expended by the administrators or guardian in this case must be treated as still in hand in striking the annual balance. In so far as the direction of the Circuit Court may be regarded as in conflict with the general rules stated it is modified.

As to removal of the guardian: The master held that the time was not ripe for a decision as to the removal of the guardian in this case, and the Circuit Court not only approved these conclusions, but commended the fidelity and zeal of the guardian in the discharge of his trust. We find nothing in the record to warrant this Court in ordering removal of the guardian.

Costs: The Circuit Court adjudged that the costs in this case should be equally divided between plaintiffs and defendants. Being an equity case, this was within the discretion of the Circuit Court and will not be disturbed.

We have not deemed it necessary to set out in full and discuss in detail the many exceptions presented, but we regard that the foregoing considerations embrace all that is material in the disposition of the appeal.

The judgment of the Circuit Court is affirmed in all particulars, except as modified herein.

MR. JUSTICE WOODS, *dissenting.* I concur in the views and conclusions expressed in the opinion of Mr. Justice

Jones, except the affirmance of the Circuit decree sustaining the administrators and guardian in expending a portion of the corpus of the estate of the minors in their support. The rule on that subject, which is embedded in the law of this State, is thus well expressed in *Holmes* v. *Logan,* 3 Strob. Eq., 31, 33: "The general rule is, that a guardian shall not exceed the annual income of the ward's estate in expenditures. When he ventures to encroach upon the capital, there must be some emergency to justify it; he ought to make a clear case of its being necessary and expedient to the ward. He is an agent and trustee appointed by the law, *in loco parentis,* to discharge important duties to the child, and is generally informed of his powers and liabilities; there is scarcely any guardian but knows that when he is infringing upon the *corpus* of his ward's estate he is acting in direct derogation of an established rule; the whole burden is, then, thrown upon him to show the emergency of the circumstances and the expediency of his expenditures before the Court can approve of his conduct. Guardians are not to be encouraged in pursuing this irregular and often arbitrary and improper course, which almost invariably leads to litigation and rarely bestows a benefit upon the ward. Access to the Court is easy, as it is always open, but when its authority is invoked to encroach upon the capital, its powers are exercised with extraordinary caution, and never without the clearest and most satisfactory proof—a doubt would defeat the application. When the guardian takes this high responsibility upon himself, he cannot complain that he must make out, *at least,* as clear a case for the subsequent sanction of his expenditures as he would have been required to do on an application for its authority to make them."

It is true the duties of a guardian, or other trustee charged with the administration of the property of minors, are often onerous and thankless, but this is not an excuse

for failing to perform them. One of the duties which the law exacts of such trustee is to stand against extravagances and soft indulgence by the minors, or by himself or others for them, to the end not only that the property may be preserved, but that the minors themselves may not be injured by acquiring the habit of living beyond their means.

In this case the defendants, Horace P. Spear and A. Hardy Silcox, qualified as administrators with the will annexed of the estate of F. A. Silcox, on 21st July, 1897. The five children of F. A. Silcox, who are entitled to his estate, at that time ranged in age from nine years to sixteen years. The children were taken by Horace P. Spear to live in his own family, and in July, 1899, he qualified as their guardian. It is agreed that the period for which the guardian was charged with the maintenance of the wards extended over the space of six years from his appointment. According to the summary of the accounts submitted by counsel for the guardian, after paying all expenses incident to the administration of the trust, the net sums coming into the hands of the guardian for the support of his five wards for six years from the income of the estate aggregated eleven thousand three hundred and ninety-five dollars and twenty-eight cents ($11,395.28). The Circuit Judge allowed a charge of twenty dollars a month for the board of each ward, amounting to four thousand one hundred and eighty dollars and nine cents ($4,180.09). After paying board, therefore, the net income for other expenses was seven thousand two hundred and fifteen dollars and nineteen cents ($7,215.19). The guardian, therefore, had from the income of the estate, for the support of each minor, including board, four hundred and eighty dollars a year, or, exclusive of board, two hundred and forty dollars a year for clothing and incidental expenses. When the final statement is made, in accordance with the Circuit decree and the decree

of this Court, the net income available for the support of the children will be substantially increased beyond the figures just set down, and will make the income credited to each ward at least five hundred dollars per annum. When it is remembered that the children were all kept together in the guardian's home as one family, and that they were sent to the public schools, and, therefore, incurred no expense for tuition, this income on the face of it seems so clearly adequate for the support of these wards as to forbid judicial approval of further allowance from the corpus of the property.

· The accounts of the administrators and those of the guardian somewhat overlap, but the record shows that before the appointment of the guardian the net income available for the support of the minors, according to the corrected account, was about the same as that above indicated as coming into the hands of the guardian.

A careful examination of the record not only fails to disclose any conditions making it necessary and expedient to trench upon the corpus of the property, but, on the contrary, the evidence, as it seems to me, is convincing that the income was ample to provide for all reasonable expenditures for the support of the minors.

No objection is made to special disbursements by the guardian for Mrs. Anderson's trousseau, and, therefore, this expense must be charged to her share of the corpus on final settlement.

In my opinion, therefore, the judgment of the Circuit Court, allowing the administrators and guardian credit for expenditures in support of the minors beyond the income of the estate, should be reversed and the report of the master on this subject confirmed.