11796

GILBERT v. SMITH

(128 S. E., 840)

1. GUARDIAN AND WARD—ACCEPTANCE BY MINOR'S CUSTODIAN OF PART
   OF INCOME DERIVED FROM MINOR'S ESTATE HELD NOT TO BREACH
   BOND NOR FORFEIT MINOR'S CUSTODY.—Acceptance by person to whom
   custody of minor was awarded of part of income derived from
   minor's estate *held* not to breach bond conditioned on faithful dis-
   charge of trust, which she was required to give as condition of
   award of custody nor forfeit right to custody.

2. GUARDIAN AND WARD—INCOME OF WARD'S ESTATE MAY BE USED FOR
   WARD'S MAINTENANCE.—Income of ward's estate may be used by
   guardian for ward's maintenance.

Before BONHAM, J., Darlington, 1924.    Affirmed.

Habeas corpus proceedings by Adella Gilbert against Catherine M. Smith to obtain the custody of Jennie Belah Gilbert, an infant.   From an order dismissing the petition, plaintiff appeals.

*Messrs. Tatum & Jennings* and *Mendel L. Smith*, for appellant, cite: *Best interest of child prime consideration:* 11 S. C. Eq., 363; 27 S. C. Eq., 344; 19 S. C., 605; 75 S. C., 220; 82 S. C., 336; 84 S. C., 552; 99 S. C., 92; 114 S. C., 506; 117 S. C., 304; 125 S. C., 121; 129 S. C., 26; 72 S. C., 18; 73 S. C., 302. *Judgment altered to meet subsequent conditions:* 72 S. C., 18; 75 S. C., 220; 73 S. C., 302; 117 S. C., 304.   *Use of ward's estate for her maintenance:* 7 S. C. Eq., 41; 7 S. C. Eq., 199; 7 S. C. Eq., 207; 8 S. C. Eq., 161; 10 S. C. Eq., 60; 17 S. C. Eq., 29; 20 S. C. Eq., 76; 21 S. C. Eq., 42; 22 S. C. Eq., 31; 31 S. C., 604; 44 S. C., 166; 82 S. C. Eq., 115. *Intention of Court:* 117 S. C., 307.

*Mr. F. A. Miller,* for respondent, cites: *Former deci-sion governs this case:* 117 S. C., 307.

July 2, 1925.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE R. O. PURDY.

The order of his Honor, Judge Bonham, fully states the issue before the Court. It is as follows:

"This is a *habeas corpus* proceeding instituted by Mrs. Adella Gilbert for the purpose of having the Court award to her the custody of her grandchild, Jennie Belah Gilbert, whose custody was heretofore awarded to the respondent, Mrs. Catherine M. Smith, by the decree of the Supreme Court filed October 10, 1921. *Gilbert v. Smith,* 117 S. C., 307; 109 S. E., 114.

"The proceeding, which was returnable before Honorable J. W. DeVore, Judge of the Twelfth Judicial Circuit, presiding in the Fourth Judicial Circuit, was, by consent, heard by me at Bishopville on the petition and the return.

"In awarding the custody of the infant, the Supreme Court decreed:

" 'At the same time the material interests of the child must be safeguarded. This decision will probably, though it should not, result in financial loss to her, and the loss, perhaps of a college ,education. The appellant, whose tender feelings for the child have weighed heavily in the scales, should, in a measure, insure a compensation for these losses. She should give a bond to the general guardian of the child in the sum of $5,000.00, with sufficient surety approved by the Clerk of Court, conditioned upon the faithful discharge of the trust reposed in her, the care, maintenance, and education of the child, at least to the extent of a thorough high school course; this bond to be executed and delivered within 30 days after the filing of the remittitur.

" 'The judgment of this Court is that the order appealed from be reversed, and that, upon the conditions stated above, the right of the custody, care, maintenance, and education of the child be adjudged in the appellant; upon default in the performance of said conditions the judgment below will stand affirmed.'

"It appears, and there is no denial, that the respondent executed to the general guardian the bond thus required, and the return leaves no room to doubt that Mrs. Smith has faithfully discharged and is faithfully discharging the trust reposed in her. The sole contention is that, by the acceptance of the sum of $100.00, a part of the income of the estate of the ward held by the general guardian (Trust Company of South Carolina), and by it paid over to her, the respondent has breached the conditions imposed and forfeited the custody awarded.

"After careful consideration of the opinion of the Court, in the light of the facts of the case, I cannot sustain the contention. There would seem to be no reason to suppose that the Court meant to curtail any legal right the guardian of the person had to receive from the guardian of the estate the income and use the same in the maintenance of her ward; the rule in this State and elsewhere undoubtedly being that the income may be so used as a matter of legal right. *Anderson v. Silcox,* 82 S. C., 115; 63 S. E., 128. *Ashley v. Holman,* 44 S. C., 166; 21 S. E., 624. *Holmes v. Logan,* 3 Strob. Eq., 31. *Teague v. Dendy,* 2 McCord, Eq,. 207; 16 Am. Dec., 643. *Weathersbee v. Blanton,* 31 S. C., 604; 9 S. E., 817; 28 *Corpus Juris,* 1113; 5 A. L. R., 632 (note).

"This being the sole question involved, it follows that the relief prayed must be refused, and the petition dismissed, and it is so ordered, adjudged, and decreed."

This Court, while agreeing with the conclusions reached by his Honor, Judge Bonham, deems it for the best interest of the child in this case to here state that the respondent shall not withdraw any part of the fund belonging to the ward, without first applying to and obtaining the sanction of a Court of competent jurisdiction. With this statement, the order of his Honor, Judge Bonham, is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, COTHRAN, and MARION concur.