## 11871

NEELY, TRUSTEE v. PEOPLES BANK OF ANDERSON *ET AL.*

(130 S. E., 550)

1. TRUSTS—PAYMENTS MADE FOR CARE OF BENEFICIARY WHEN ADJUDGED INSANE HELD NECESSARY AND PROPER.—Where woman had created trust for her own benefit, with provision that corpus of estate should not be expended without her consent and consent of trustee, *held,* that payments made for care of beneficiary after she was adjudged insane were necessary and proper.

2. TRUSTS—NOTE AND MORTGAGE OUTLAWED BECAUSE OF FAILURE OF TRUSTEE TO COLLECT IT WILL BE CHARGED TO HIM.—Trustee who had failed to collect note and mortgage, or to make an effort to do so, note having thereby become worthless because of statute of limitations, cannot be allowed credit for such amount on his account.

3. SUBROGATION—TITLE TO NOTE VESTS IN TRUSTEE WHEN HE IS CHARGED WITH AMOUNT THEREOF BECAUSE OF HIS FAILURE TO COLLECT.—Title to note and mortgage vests in trustee when he is charged with amount thereof because of failure to collect note before outlawed by statute of limitations.

4. TRUSTS—TRUSTEE HELD LIABLE FOR FAILURE TO PROCURE REASONABLE RENTAL FOR TRUST PROPERTY.—Trustee, required to use reasonable care and precautions to protect interests of beneficiary, though not liable for mistakes in judgment, *held* liable for failure to procure reasonable rental for property belonging to estate.

5. TRUSTS—TRUSTEE NOT ENTITLED TO COMMISSIONS AFTER FAILURE TO DISCHARGE DUTY.—Trustee who has failed to discharge his duty, *held* not entitled to receive commissions after date of such failure.

6. TRUSTS—BURDEN OF PROOF IS ON TRUSTEE TO RENDER ACCOUNTING, AND ON PLAINTIFF TO SHOW NEGLECT OR MISMANAGEMENT.—In suit for accounting of trustee and for mismanagement resulting in depletion of estate, burden of proof is on trustee to render accounting, and on plaintiff to show neglect or mismanagement.

Before A. C. TODD, SPECIAL JUDGE, Anderson, June, 1923. Modified and remanded.

Action by J. Alex Neely, Jr., as Trustee of the Estate of Mrs. Sylvene Peoples Dennett, against the Peoples Bank of Anderson and another. Decree for defendants, and plaintiff appeals.

*Messrs. Robert E. Wilson* and *A. H. Dagnall,* for appel-

lant, cite: *When trustee may expend corpus of estate:* 21 S. E., 624; 2 McC. Eq., 207; 1 Hill Eq., 60; 2 Strob. Eq., 40; 1 Speer Eq., 29.

*Messrs. Bonham & Allen,* for respondents, cite: *When trustee may expend corpus of estate:* 2 McC. Eq., 199; 82 S. C., 115.

December 1, 1925.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE R. O. PURDY.

Mrs. Sylvene Peoples Dennett, owning considerable property, real and personal, conveyed it, on May 11, 1908, to the People's Bank of Anderson, in trust to control and manage the estate for her benefit; her object being to obtain an annual income from the rent, income, and profit derived from the trust estate. A part of this property consisted of a lot in Anderson with a valuable storehouse upon it, and, of the personal assets received by the bank, there was a note and mortgage made by J. W. Crawford.

The trust conveyance is quite long and is complete in all of its terms, but from the nature of the controversy a brief reference to it, only, need be made. It provides, among other things, that the income shall be paid to the beneficiary; that no part of the corpus shall be used, except with the consent of herself and the Trustee; that the Trustee shall not be liable for mistakes of judgment, but that at all times he must use reasonable care and precaution to protect the interests of the beneficiary. The Trustee is absolved from accounting to the Probate Court, but is required to account annually, before the 1st day of May, to the beneficiary, and was to receive as compensation $300 per annum in lieu of commissions.

On October 19, 1912, Mrs. Dennett was adjudged to be insane, and has so remained ever since, and for the most of the time has been in a sanitarium. B. B. Bleckley, upon the adjudication of insanity, was appointed as a committee.

for Mrs. Dennett. It became necessary, in caring for her and her family, to expend a part of the corpus of the estate, having been permitted to do so, with the acquiescence of the bank. The bank continued to act as Trustee until January 31, 1923, when J. Alexander Neely, Jr., the plaintiff, was appointed and substituted as Trustee in the place of the bank. This suit was brought March 10, 1923. No complaint is made as to the management of the estate up to the year 1915, and at the time the suit was brought more than 20 years had elapsed since the making of the Crawford mortgage.

The bank having gone into liquidation, W. W. Bradley, as State Bank Examiner, was made a party to the suit. The object of the suit was to have an accounting by the bank, and mismanagement was charged against the bank as resulting in a depletion of, and a loss to the estate, in the following particulars: (1) In permitting any part of the corpus of the estate to be used for the benefit of Mrs. Dennett and her family. (2) In not collecting the Crawford note and mortgage. (3) In not procuring from the lot in Anderson a proper sum as rent, and claiming that the Trustee should forfeit its compensation.

Testimony was taken on the issues raised, and the bank rendered a full statement of receipts and disbursements, and at the end of the account a balance is shown of $2,-086.79 as an overdraft, and, in addition to this, the bank claimed compensation at $300.00 a year for nearly eight years, or $2,333.33. It appeared that the bank had been charging only $1,000.00 per year for the store, and it appeared also that J. W. Crawford, the mortgagor, was dead.

The matter having come on to be heard before Hon. A. C. Todd, acting as Special Judge, the account as submitted by the bank was in all respects approved, and a decree made accordingly. The defendant is directed by the decree to deliver to the plaintiff, by a proper conveyance and assign-

ment, all of the property of the trust estate, of whatsover nature, held by it. The decree also held that the bank had a claim against the trust estate of $4,420.12, made up of the overdraft referred to as of March 10, 1923, and the sum due the bank for services.

Practically all of the findings of the decree are excepted to, save so much as directs the defendant to deliver to the plaintiff by a proper conveyance and assignment all of the property of the trust estate of whatsoever nature held by the bank. It will not be necessary to specifically refer to the exceptions.

While the conveyance made by Mrs. Dennett provides that in case it should become necessary for her support or for the support, education, and maintenance of her children, the Trustee is empowered to expend so much of the corpus of the estate as may be necessary for this purpose, yet there is added to this a provision that it is understood that nothing in excess of the rents, income, and profits shall be paid or expended without her consent and the consent of her Trustee.

The occasion arose to make such expenditures. Having become insane, and needing the tenderest care, there was no means of obtaining her consent, and the expenditures had to be made. There is no suggestion that the sums paid out for her and her family were not proper sums to meet this object, and while payments are made by a Trustee at the risk of having his acts disallowed, the Court does not find anything in the conduct of the committee and Trustee in this case in reference to such expenditures which would prevent the confirmation of their acts in making such expenditures. Though there was a laxity in not compelling the Trustee to account, so that the true status might thereby have been ascertained, yet this did not arise from any lack of good faith, and the Court will not undertake to withhold its sanction, and the payments so made are held to be necessary and proper under the circum-

stances of this case. See *Wright v. Wright,* 2 McCord, Eq.,
199. *Anderson v. Silcox,* 82 S. C., 109; 63 S. E., 128.
*Dixon v. Hunter,* 3 Hill, 204.

It follows, therefore, that the exception to the decree in
this respect is not sustained.

If J. W. Crawford were alive, the plea of the Statute of
Limitations would be personal to him; having died, it is
the duty of his administrator or executor, as the case may
be, to interpose the plea of the Statute of Limitations. In
⁀ny event, the lien of the mortgage had expired.

The bank having failed to collect this debt, or to
2, 3   make an effort to do so, and having allowed it to
become worthless, it is not a proper credit on this
account. The exception in relation thereto is sustained, and
$891.40 is charged back to the account. This automatically
vests the title to the note and mortgage in the bank, for
whatever it may be worth.

The exception imputing error in not charging and
4   collecting a greater rental for the storeroom is sus-
tained. While there is not any complaint about the
management of the estate up to the year 1915, the bank
after that time, unmindful of its duty, made no effort to get
a higher rental for a valuable storehouse. It is a matter
of common knowledge that it was difficult to procure the
articles of commerce to supply the demand, particularly in
1918 and 1919, and the early part of 1920, and that during
that time all classes of buildings were occupied. In these
circumstances, had the defendant exercised reasonable care,
it could have gotten a greatly increased rental. True, the
beneficiary stated in her conveyance that the trustee should
not be responsible for losses or mistakes in judgment, but
in the same sentence she said: "Provided it exercises reason-
able care to protect my interest." It is suggested in the
argument of the appellant that a fair rental for the prop-
erty for the year 1916 would be $1,200, for 1917 and 1918,
$1,800 per year, and $2,400 a year for 1919 and 1920, and

$2,000 for the year 1921, and the testimony fairly bears out this contention. During all this time, the trustee was renting the property for $1,000 per year.

The bank had advanced from the corpus of the estate, by what it calls overdrafts, $2,086.79. In his decree his Honor allowed this as a proper credit, and we have found that he was right in so doing. He also found that the trustee was entitled, from 1915 up to the time of rendering this account, to $2,333.33 as compensation. There was error on the part of his Honor in not charging the trustee with the difference between the rent actually collected by it and the sums which it should have collected, as hereinbefore indicated, and the trustee having failed to discharge its duty was not entitled to receive commissions after the year 1915, and there was error in allowing the sum of $2,333.33 on that account.

We have considered the question whether interest should be allowed on the $2,086.79, and whether interest should be allowed on the sums that ought to have been collected as rent. Since we have denied the right to compensation, the principal of these sums on each side will be taken as a basis of adjustment, without interest, until the date of the filing of this opinion, and after that date the balance will bear interest.

In rendering the account, the bank showed an overdraft of $2,086.79 as of March 10, 1923, and then there is added:

"In addition to the foregoing overdraft, there should be added the sum of $300.00 per annum due People's Bank of Anderson under the terms of said trust deed for managing said trust estate, said sum amounting to $————." (The figures were not there put down.)

In passing upon the matter, his Honor rendered judgment as follows:

"That defendant be adjudged to have a claim against the said trust estate of fourty-four hundred twenty and 12/100 ($4,420.12) dollars representing the overdraft ex-

isting in said account on the 10th day of March, 1923, and the sum due to be paid for the services of the defendant from June 1, 1915, to March 20, 1923."

It will thus be seen that the sum of $2,333.33 was added to the sum of $2,086.79, put down as overdraft.   Such account is corrected and modified as follows, viz.:

Found by the presiding Judge to be due by the
   trust estate ...........................$   4,420.12
Charges made against this by the
   finding of this Court:
Note   and   mortgage   of   J.   W.
   Crawford .....................$   891.40
Compensation credit .............. 2,333.33
On account of rent not
   collected:
   1916 .................$   200.00
   1917 and 1918......... 1,600.00
   1919 and 1920......... 2,800.00
   1921 ................    500.00
                  —————
    Total  rent  .................. 5,100.00
                   —————
                 $8,324.73

Leaving a balance on these items of $3,904.61 in favor of the plaintiff as trustee, and which the defendant must pay.

The burden of proof was on the defendant to render an accounting; the burden of proof was on the plaintiff to show neglect and mismanagement.   With this statement, and the conclusions reached by the Court, the fifth exception is disposed of.

It will be seen, therefore, that the decree of his Honor must be, and is, modified in the particulars hereinbefore indicated, and the case remanded to the Court of Common

Pleas for Anderson County to be disposed of in accordance with such modifications.

Modified.

MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.