13346

BECKWITH *ET AL.* v. McALISTER

(162 S. E., 623)

4

*Messrs. Watkins & Prince,* for appellant,

*Messrs. Mays & Featherstone,* for respondents,

February 9, 1932.

The opinion of the Court was delivered by Mr. Acting Associate Justice W. H. Townsend.

At and prior to the times hereinafter mentioned the defendant Mrs. Pearle M. Beckwith was the owner of two tracts of land in Abbeville County described in the complaint. On April 3, 1913, she gave her bond to her stepfather, the late W. E. Stelts, who made his home in her family, secured by a first mortgage on one of her tracts of land, for $2,091.00; and on March 23, 1916, another bond for $1,018.00, secured by a first mortgage on her other tract. Both bonds bore interest at 7 per cent. per annum. On the same day she gave the second bond and mortgage, March 23, 1916, Mrs. Beckwith and Stelts entered into a written agreement set out on eleventh and twelfth pages of transcript, c. f., 41 to 48, which, with a copy of will, made by Stelts on May 14, 1914, transcript p. 10, c. f. 38 and 39, will be reported. Pursuant to this agreement Mrs. Beckwith paid to Mr. Stelts $275.00 annually until his death, which payments then exceeded the interest due him in the aggregate sum of $229.92. In the will above referred to the testator bequeathed to Mrs. Beckwith and her husband and "their children now living" in equal shares all of the property which he might leave at his death. In the agreement of March 23, 1916, it is recited: "The said W. E. Stelts has already made his last will and testament, in which he has made dispostion of his property after his death in favor of Mrs. Beckwith and her children, which will he expects to allow to stand, unless something should happen to cause him to change his mind." Mr. Stelts died in April, 1920.

Mrs. Beckwith qualified as sole executrix, and received the above-mentioned bonds and mortgages, together with $1,-887.00 in cash as the assets of the estate. When the agree-

ment of March 23, 1916, was made, Mrs. Beckwith had no other children than the four in existence when the will was made.

Mrs. Beckwith not having sufficient income to support herself and family, incurred other debts including one of $6,150.00, to the National Bank of Abbeville secured by a second mortgage on her lands. In order to avoid a threatened foreclosure of this second mortgage, Mrs. Beckwith sought a loan through Mr. Nichols. In order to give the lender a first mortgage, she on January 3, 1924, petitioned the Probate Court in a proceeding to which her four children, being all who were in existence at the time of making of the will and of the agreement of March 23, 1916, were made parties; to sanction a settlement of the Stelts estate by ascertaining the amounts due said infants, and to authorize her as executrix to cancel the two mortgages due by her to the estate of Stelts, and, after procuring a loan of $7,000.00 on her lands from a third party to pay off her debt to the bank and to compromise and settle sundry judgments against her, she be permitted to pay the surplus proceeds of said loan, after so settling her debts into the hands of the Probate Judge to be held by him as trustee, until a trustee could be appointed by the Probate Court to manage said funds for the said infants; and to give a second mortgage on her lands to secure the balance due said infants.

The Probate Court by its order of January 5, 1924, found it would be to the interest of the infants, to save the use of the home for the family of which they were a part, to make such proposed settlement; and authorize Mrs. Beckwith, as executrix (1) to satisfy or cancel or record her mortgages to Stelts; and (2) after giving a first mortgage on the lands to secure the proposed loan, to pay into said Court the surplus or net proceeds of same, after the settlement or compromise of her other debts; this balance being then estimated between $1,200.00 and $1,400.00; and (3) to secure the payment of any balance of said legacies due said infants by a

second mortgage on her lands, to be executed to a trustee to be named by the Court for said infant legatees. The effect of this order was to change the first mortgage interest of infant legatees into a second mortgage interest subsequent to an outstanding first mortgage for $7,000.00 to secure the proposed loan.

On the same day Mrs. Beckwith executed to J. W. McAlister a mortgage on her lands to secure $7,000.00, advanced by him. $6,008.58 of this loan was used by Mrs. Beckwith in paying her debts, and removing liens on the family home; and $980.72 was paid into the Probate Court in trust for the four infant children living at the time of the execution of the will.

On January 31, 1924, the Probate Court appointed T. C. Gower as trustee for said four children, and Mrs. Beckwith executed a second mortgage on her lands, for $1,599.00, to Gower as trustee for said children; that being found by the Probate Court to be the balance due them, in addition to the $980.72 paid into Court. Gower never accepted the appointment nor qualified as such trustee, nor received either the moneys or bond and mortgage for the infants.

Nothing having been paid McAlister on the mortgage given him, he in the spring of 1925 commenced an action in this Court against Mrs. Beckwith and Gower as trustee, for the foreclosure of his mortgage. Gower answered denying that he was such trustee and other material allegations of the complaint; and asserted that all of the children of Mrs. Beckwith, including the three plaintiffs in this action, born after the date of the execution of the will, as well as those born before that date, and living at the death of the testator, had interests under the will in the two mortgages owed that estate by Mrs. Beckwith, and should be made parties to the action. On May 28, 1925, this action was begun by the last-named three children, all of whom were born since 1916 and none of whom were parties to the proceedings in the Probate Court.

In this action plaintiffs seek (1) to enjoin the prosecution of the foreclosure action brought by McAlister; (2) to cancel the satisfactions entered by Mrs. Beckwith as executrix on the mortgages she had given Stelts; (3) to determine the rights of the plaintiffs, and of their brother and sisters, the four infant defendants, as legatees; and (4) for such other relief as might be proper.

The answer of McAlister, after a general denial, asserted for a further defense: That he had made the loan of $7,000-.00, after the Stelts mortgages had been satisfied on record under the order of the Probate Court, and was an innocent purchaser for value without notice of any prior rights on the part of the children. The four infant defendants, who were parties to the proceeding in the Probate Courts, denied that plaintiffs are entitled to share with them as legatees under the Stelts will; deny the jurisdiction of the Probate Court to make its order of January 5, 1914; and allege that their interests were not protected in that proceeding; and ask that said order, and the satisfactions of mortgages entered thereunder, be canceled; that the will be now construed, their rights thereunder determined, and otherwise join in plaintiffs' prayer for relief.

The circuit decree filed June 22, 1926, found: (1) That the plaintiffs are entitled to share equally with the infant defendants under the Stelts will; and (2) set aside as null and void said order of the Probate Court in so far as it affects the interests of the Beckwith infants in the Stelts mortgages; (3) orders the satisfactions entered on the Stelts mortgages canceled of record, and declares them to be the first lien on the mortgaged lands (4) disallows credit to Mrs. Beckwith in the accounting between her and her children for the $275.00 per annum paid Stelts by Mrs. Beckwith for his support under the contract of March 23, 1916; and directs an accounting as to the amount due the infants; (5) declares McAlister subrogated to the interests of Mr. and Mrs. Beckwith in the Stelts estate; and (6) restrains McAlister from

prosecuting his action for foreclosure except as limited by, and in accordance with, the terms of this decree. For some reason the case was not docketed in this Court until June 25, 1931; the briefs were filed December 11, 1931, and the cause was heard January 12. The decision of the Court is being filed this February 9, 1932.

McAlister appeals, and assigns error on the part of the Circuit Judge: (1) In holding that the plaintiffs, all of whom were born after the making of the will, and also of the contract of March 23, 1916, take as legatees along with the four infant children, defendants herein, who were in existence at the time of the making of the will; (2) in not holding that this action is a collateral attack upon the order and judgment of the Probate Court which had jurisdiction in the proceedings therein; (3) in holding that order null and void, and in setting it aside; (4) in holding the infants received no consideration for the postponement of the lien under the Stelts mortgage in favor of the mortgage given McAlister; (5) in holding the infants received no benefit from the McAlister loan; (6) in holding the rights of the infants were not protected in the proceedings in the Probate Court; (7) in holding that McAlister, through his attorney, participated in the proceedings in the Probate Court; (8) in not holding McAlister an innocent purchaser for value; (9) in holding McAlister is chargeable with constructive fraud in making the loan upon the mortgage given him; (10) in ordering the cancellation of the satisfaction entered by the executrix on the Stelts mortgage.

As to the construction of the Stelts will: "Where we can pronounce with confidence that the testator meant to announce an intention confined to the state of affairs existing at the date of his will, either in reference to the specific subjects which he wished to pass under it, or the persons to enjoy them, or truly intended in any other way to abridge the ambulatory capacity of the instrument; the construction must be such as to conform to the special in-

tention thus indicated or expressed." *Garrett v. Garrett,* 2 Strob. Eq., 283, 284.

Ordinarily, where a legacy is given to a person or persons "now living" the reference is to such as are in existence at the date the will was made. *Whitehead v. Lassiter,* 57 N. C., 79, 81; *Merrill v. Winchester,* 120 Me., 212, 113 A., 261, 264. See, also, *Gurley v. Wiggs,* 192 N. C., 726, 135 S. E., 858; citing *Garrett v. Neblock,* 39 Eng. Rep., 241; *In re. Coley* [1903], 2 Ch., 102; 2 Williams, Executors (11th Ed.), 867; 1 Jarman, Wills (6th Ed.), 396; 1 Jarman, Wills (5th Ed.), 591.

The agreement of March 23, 1916, between Mrs. Beckwith and Stelts, having been executed after the will, and not being attested by three witnesses, cannot be received in evidence as a testamentary paper or as showing the interpretation to be placed on the will. *Johnson v. Clarkson,* 3 Rich. Eq., 305, 314, 315. Even if it were admissible, it shows no intention to change the disposition of his estate made in the will, "which will he expects to allow to stand, unless something should happen to cause him to change his mind." This agreement was intended by the testator to so modify the terms of the bonds for payment of the debt as to secure to him during his lifetime a larger income from his support than the mere interest on the loan. The agreement provides: "Should said sum of $275.00 per year be promptly and fully paid when due, then said Stelts hereby agrees he will allow the mortgages" given him by Mrs. Beckwith, "to run on, and will not enforce payment of them, but will allow them to stand, and go to the parties provided for under his will hereinbefore mentioned." For these reasons the first exception is sustained.

While the plaintiffs have no interest in, and cannot maintain, this action, it must be continued in the interest of the four infant children defendants who were in existence when the will was made, and were parties to the proceedings in the Probate Court and join in the

prayer of the complaint. As to the jurisdiction of the Probate Court, it is statutory. *Beatty v. National Surety Co.,* 132 S. C., 45, 54, 128 S. E., 40.

"The Probate Court has jurisdiction in matters testamentary. The settlement which is sought must be made in accordance with the provisions of the will. * * * The executors cannot be discharged until they make a settlement such as the will demands. This involves the judgment of the Probate Court as to the terms of settlement, and the rights of the parties." *In re. Covin's Estate,* 20 S. C., 476. A distinct ground of equitable relief is not included in the general grant of jurisdiction in matters testamentary or of administration. *Davenport v. Caldwell,* 10 S. C., 347, 349; *Caldwell v. Little,* 15 S. C., 240.

Under the Act February 23, 1923 (33 St. at Large, p. 42), the parents of minor children were declared to be their natural guardians, charged with their welfare and education, and the management of their estates. Prior to this act a natural guardian had no power over the estate of his ward. For as said in *Darby v. Anderson,* 1 Nott & McC., 369, 372: "It would be a monstrous injustice to permit an improvident father to deprive his infant of the means of support and education." The Probate Court is given by the Code of Civil Procedure, §§ 166, 167, jurisdiction in business, appertaining to minors, the appointment and removal of guardians, and accountings by them. *Williams v. Weeks,* 70 S. C., 3, 4, 48 S. E., 619. And when reasonably necessary for the maintenance or education of infants may approve the expenditure of a part, or even all, of the corpus belonging to the infants. *Anderson v. Silcox,* 82 S. C., 115, 63 S. E., 128. But there is no power in the Court to authorize a release of property belonging to the infant for the purpose of paying, compromising, or setting the debts of his parent, even though the infant may have participated in the enjoyment of the benefits for which such debts were incurred.

The exercise of the power to use the infant's property for his support or education is based on a reasonable necessity for such expenditure. *Anderson v. Silcox,* 82 S. C., 115, 118, 63 S. E., 128; *Kirkham v. First National Bank,* 149 S. C., 545, 147 S. E., 648. The power of the Circuit Court to authorize loans on, or pledge, the property of infants for their benefit, maintenance, or education has been further regulated by recent statutes. 35 Stat. at Large, p. 1174, amended by 36 Stat. at Large, p. 186.

In the case at bar the infants had under the will a present interest in the assets of the estate, easily convertible into cash, if needed for their support or maintenance, and the Probate Court had no jurisdiction to postpone the interest of the infants to the payment or settlement of debts theretofore incurred by their parents or others. The application to the Probate Court was for a different disposition of the property given the infants than that prescribed by the testator. *Mauldin v. Mauldin,* 101 S. C., 1, 85 S. E., 60. In making its order of January 5, 1924, the Probate Court exceeded its jurisdiction. "By 'excess of jurisdiction,' as distinguished from the entire absence of jurisdiction [as applied to cases like the instant one], we understand and mean that the act, though within the general power of the Judge, is not authorized, and therefore void, with respect to the particular case, because the conditions which alone authorize the exercise of his general power in that particular case are wanting; and hence the judicial power is not in fact lawfully invoked." *Broom v. Douglass,* 175 Ala., 268, 57 So., 860, 864, 44 L. R. A. (N. S.), 164, Ann. Cas., 1914-C, 1159.

The judgment of the Circuit Court vacating and setting aside such order, and directing the cancellation of the satisfactions entered on the mortgages given by Mrs. Beckwith to the testator, is affirmed.

The Probate Court had jurisdiction of an accounting between Mrs. Beckwith as executrix and her children represented in the Probate Court by Mr. Perrin as

their guardian *ad litem*. But its order has so scrambled the moneys due on the mortgages, for which the infants have a first lien on the lands, with other assets of the estate, for which the infants have no lien, that it is impossible to determine therefrom the amount for which the infants have a priority of lien over the mortgage to the defendant McAlister, as to which matter McAlister should have opportunity to be heard, that it is necessary to recommit this case to the master, with directions to take further testimony and to report the amounts due said infants on said mortgages, for which they have a first lien, together with any other amounts due them as legatees under the Stelts will.

The Circuit Court erred in disallowing credit to Mrs. ▉ ▉ Beckwith upon her mortgages for the payments made by her to Stelts under the agreement of March 23, 1916, and in holding that McAlister is chargeable with constructive fraud. But we concur in the findings of the Circuit Court that the satisfactions entered on the Stelts mortgages must be canceled of record, in order that the infant defendants may enforce the lien of said mortgages for the amounts to be due the infants by Mrs. Beckwith on the bonds secured thereby; and in the finding that the evidence does not make out such a case as shows McAlister to have been an innocent purchaser without notice, when he took his mortgage; nor such a case as would have justified this Court in making an order or decree similar to that of January 5, 1924.

The judgment of this Court is that the decree of the Circuit Court be modified as herein indicated; and the case remanded to the Circuit Court for such further proceedings and orders as may be consistent with the conclusions herein announced.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.