0131

Eartha Lee ROBINSON, Respondent, v. SOUTH CAROLINA
DEPARTMENT OF SOCIAL SERVICES, Appellant.

(314 S. E. (2d) 350)

Court of Appeals

*Tana G. Vanderbilt,* Columbia, *for appellant.*

*Raymond S. Baumil,* of *Solomon, Kahn, Smith & Baumil,*
Charleston, *for respondent.*

Heard Feb. 21, 1984.

Decided March 19, 1984.

SANDERS, Chief Judge:

This is an appeal from an order of the Circuit Court which
reversed the decision of appellant South Carolina Depart-
ment of Social Services denying food stamps for the house-
hold of respondent Eartha Lee Robinson. We affirm.

The material facts here are not in dispute.

Ms. Robinson is the mother of several children who live in her household. One of her children was seriously injured and received a settlement in the net amount of $78,102.95. This amount was deposited in a bank account under the supervision of the Charleston County Probate Court. The account is in the joint names of Ms. Robinson, as general guardian of the child, and a bonding company. Based on the existence of these funds, the Department denied food stamps for the Robinson household and required Ms. Robinson to repay benefits received since the funds were deposited.

The Department argues that because these funds are available to the child as one member of the Robinson household, the entire household is ineligible for food stamps. We reject this argument for the following reason.

Department of Social Services Regulation 114-27-54, S. C. Code Vol. 27 (Supp. 1983), provides what resources are to be considered in determining eligibility of a household for food stamps. Subsection (G)(7) specifically excludes from consideration resources whose cash value is not accessible to the household.

The assets of a minor child may only be used to benefit the child himself or herself. They cannot be used by others unless necessary for that purpose. Thus it would be unlawful for the funds of the child here to be used for the other household members, absent a showing this would be somehow necessary to benefit the child. *Cf. Beckwith v. McAlister*, 165 S. C. 1, 162 S. E. 623 (1932) (holding it is improper for a Probate Court to allow assets of a child to pay prior debts of parents).

Likewise, it would be manifestly unjust to deny the other household members needed assistance simply because they live with a child who has funds to which they have no access.

Accordingly, the order of the Circuit Court is

Affirmed.

SHAW and BELL, JJ., concur.