R. W. KING v. M. M. STOKES and Wife, L. M. STOKES.

.· (Decided December 22, 1899.)

*Construction of Deed—Rule in Shelley's Case.*

1. A deed of conveyance, after reservation of life estate to grantors, conveyed unto Alfred May during the term of his natural life, and after his death to his wife, the said Ida Eugenia, and her children, a tract of land, to have and to hold unto them, the said parties of the second part, their heirs and assigns forever.

   *Held,* that said deed conveyed to Ida Eugenia, and her children, a remainder in fee as tenants in common.

   (2). That the rule in *Shelley's* case had no application to the terms of this conveyance.

   (3) That the word *"heirs"* in the habendum helps out the estate limited over, and makes it an estate in fee.

CONTROVERSY WITHOUT ACTION, upon case agreed, involving the construction of a deed referred to in the opinion, submitted to his Honor, *Moore, J.,* at April Term, 1899, of the Superior Court of PITT County.

His Honor decided that the deed in controversy from Shadreck Wooten and wife to Alfred May and Ida Eugenia, his wife, conveyed to them a fee simple estate, which they could convey and had conveyed to R. L. Davis, under whom the defendants claimed.

The plaintiff excepted, contending that the remainder in fee was limited to Ida Eugenia and her children.

Judgment for defendants. Appeal by plaintiff.

No counsel for appellant.
*Messrs. Jarvis & Blow,* for appellee.

FAIRCLOTH, C. J. Upon the agreed facts we are asked to construe a deed included in the record. The material parts

are that Shadreck Wooten and wife, reserving a life estate, conveyed as follows: "Unto Alfred May during the term of his natural life, and after his death to his wife, the said Ida Eugenia, and her children," the following tract of land * * * "to have and to hold unto them, the said parties of the second part, their heirs and assigns forever." The question submitted is: "Did the deed convey to said Alfred and wife a fee simple title to the land therein described, which they could alien and convey in fee?"

The plaintiff claims by mesne conveyances from said Alfred May and his wife. The plaintiff in his argument by counsel relies upon the rule in *Shelley's* case. Coke stated that rule thus: "That when the ancestor, by any gift or conveyance, taketh an estate of freehold and in the same gift or conveyance an estate is limited either mediately or immediately to his heirs, in fee or in tail, the word heirs are words of limitation of the estate, and not words of purchase." The case does not come within that rule because the word "heirs" means heirs general, and if children could be construed to mean heirs under this deed, they would not be the heirs of the first taker, but her heirs, as it says "her children." The rule is one of law, and it matters not what the ancestor intended, if he uses words embraced by the rule. But when he uses language less general than the rule requires, as "the said Ida Eugenia and her children," then the allusion is to a class of persons intended by the grantor to take the estate, without connection with the first taker of the freehold. In such cases the intent and meaning of the ancestor are to be considered, and the rule relied on by the plaintiff has no application.

The word "heirs" in the habendum does not affect the question. That word only helps out the estate limited over, and makes it an estate in fee.

In *Guy v. Baker*, 58 N. C., 344, the conveyance was in

trust for a woman and her children, and there was nothing on the face of the deed to show a different intention, and the mother and children were declared to be tenants in common. The same conclusion was declared in a devise in other cases. *Moore v. Leach,* 50 N. C., 88; *Hampton v. Wheeler,* 99 N. C., 222.

We are of opinion that said deed conveyed to Ida Eugenia and her children a remainder in fee as tenants in common.

Judgment reversed.