DARDEN v. TIMBERLAKE.

(Filed October 3, 1905).

*Deeds, Construction of—Heirs of Living Person—Husband and Wife—Tenants in Common—Tenants by Entirety—Survivorship.*

1.  Under a deed to "S and wife A, and their heirs, including the former children of said A by another husband," the plaintiffs, who are A's children by the former husband, and were living at the time of the execution of the deed, took as grantees and as tenants in common with S and A.

2.  The words "and their heirs," in said deed are to be rejected as surplusage, a conveyance to the heirs of a living person being void.

3.  Where a conveyance is made to the husband and wife and three children, the husband and wife are together seized of one-fourth by entireties, and the children of one-fourth each, and upon the death of the wife, the husband acquires the one-fourth by right of survivorship. (Dictum in *Hampton v. Wheeler*, 99 N. C., 222, corrected).

ACTION by Charles Darden and others against Nelson Timberlake and others, heard by *Judge W. R. Allen* upon the pleadings and admissions at the May Term, 1905, of the Superior Court of WILSON County. From the judgment rendered, both parties appealed.

PLAINTIFFS' APPEAL.

*Connor & Connor* for the plaintiffs.
*F. A. Woodard* and *Pou & Finch* for the defendants.

BROWN, J. Plaintiffs and defendants claim under a deed by "R. J. Taylor and wife, of the first part, and Samuel Williams and wife Annie, and their heirs, including the former

children of the said Annie by another husband, of the second part." Annie died, leaving Sam surviving. They had no children of their marriage. Plaintiffs are Annie's children by the former husband. Defendants are Sam's heirs at law. His Honor held that Sam, Annie and the three plaintiffs took as tenants in common, and that each took one-fifth and that Sam acquired Annie's fifth by survivorship, and that upon Sam's death his undivided two-fifths descended to the defendants.

1. The plaintiffs took as grantees under the deed. They were living at the time of its execution, and were the children of a named person. The designation is sufficiently certain to enable them to take as grantees. In *Helms v. Austin* the grantees were "Sarah Staton, his wife, and her heirs, named on the back of this deed, of the other part." On the back was endorsed the names of the children. In another deed referred to in the same case, the grantees are "Sarah Staton and her children." 116 N. C., 751. The deeds were held to be valid conveyances and created a tenancy in common between the grantees, including the children. See also *King v. Stokes,* 125 N. C., 514; *Hampton v. Wheeler,* 99 N. C., 222; 9 Am. & Eng. Enc., (2nd Ed.), page 132, note 9.

The words "and their heirs" contained in the deed under consideration, are to be rejected as surplusage. A conveyance to the heirs of a living person is void, for *nemo est haeres viventis.* Broom's Legal Maxims, 522. A deed purports to convey *in presenti,* and the grantees cannot be ascertained until the death of the person named. 9 Am. & Eng. Enc., (2nd Ed.), page 132, note 9. But it is otherwise where the word children is used. Eliminating the words, "and their heirs," Sam, Annie and the latter's children (these plaintiffs), by a former husband, are the grantees in this deed. In our opinion, His Honor was correct in holding that those grantees took as tenants in common.

2. His Honor held that Sam and Annie took one-fifth each. In this there was error. Sam and Annie took by entireties and not in severalty. They were neither joint tenants nor tenants in common with each other. They were considered one person in law, and could not take by moieties. They were both seized of an entirety. Upon this proposition the learned counsel for plaintiff, in an unusually helpful and well prepared brief, cites us to *Lord Coke,* who says: "Also, if a joint estate be made of land to a husband and wife and to a third person, in this case the husband and wife have in law in their right but the moiety, (and the third person shall have as much as the husband and wife, viz., the other moiety, etc.). And the cause is, for that the husband and wife are but one person in law * * * In the same manner it is where an estate is made to the husband and wife and to two other men, in this case the husband and wife hath but the third part, and the other men the other two parts." Coke on Littleton, section 187b; Freeman on Cotenancy, page 129. See also 2 Kent's Com., star page 132; 2 Blk. Com., chapter 12, and notes to Cooley's Edition; *Bruce v. Nicholson,* 109 N. C., 202; *Johnson v. Edwards, ibid,* 466. It is useless to multiply authorities. It is elementary learning that husband and wife are seized by entireties, *per tout et non per my,* and upon such seizin the right of survivorship depends.

In this connection we are not inadvertent to the dictum of *Mr. Justice Merrimon* in *Hampton v. Wheeler, supra.* The contest in that case was not as to whether Alfred Hampton and his wife took by entireties with the incident of survivorship, but as to whether the husband and wife and their children were tenants in common. Hampton and wife had conveyed the land in fee. Their children were claiming as tenants in common with the grantees of their parents, and the real question decided was as to the effect of the statute of limitations. There being seven children, the learned justice

was evidently in error in dividing the land into nine parts. Under all the authorities, Hampton and wife took one-eighth in entirety, instead of two-ninths. It was an evident inadvertence upon the part of that able and usually accurate judge. It is a case of "Homer nodding," which sometimes happens to the best of judges.

It follows therefore that Sam and Annie were together seized of one-fourth, and the three plaintiffs of one-fourth each. Sam acquired the one-fourth by right of survivorship, which at his death descended to the defendant. The cause is remanded to the Superior Court of Wilson County with instructions to enter a decree in accordance with this opinion.

Error.

## DEFENDANTS' APPEAL.

BROWN, J. The defendants claim the whole of the land, contending that the plaintiffs took nothing under the deed, but that Sam and Annie Williams took the whole of the land in fee, and that Sam acquired the whole by survivorship. No authority is cited in the defendant appellants' brief to sustain this contention, presented upon their appeal, and we have been unable to find any. The question presented by this appeal is decided adversely to the defendants by our opinion in the plaintiffs' appeal. The cause is remanded to be proceeded with in accordance with that opinion.

In holding that Sam and Annie Williams did not take the whole of the land under the deed from Taylor and wife, His Honor committed no error. The defendants having lost both appeals are taxed with the costs of both.

No Error.