JOSEPH B. RUSSELL *vs.* FRANCES E. LILLY & another.

Suffolk.    January 23, 1913. — January 29, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Trust,* Construction. *Devise and Legacy. Words,* "Unmarried."

A testator, having living a wife and four daughters, one of whom was married, made a will creating a trust with provisions that the income should be paid to his wife during her life and that after her death $500 should be given to the married daughter and $500 each to such of the other three daughters as then should have become married or thereafter should marry, and that the income of the estate then "remaining" should be paid to such of the daughters "as shall be unmarried so long as they or she shall remain unmarried." Provision was made for the termination of the trust, first, "in case all my surviving daughters shall marry," or second, "upon the death of the last survivor of my daughters who may remain unmarried." *Held,* that no income was intended to be paid to a daughter after she became married, although she should become a widow, because the word "unmarried" was not intended to mean "having no husband living although once married."

Where a word is used in one sense in one part of a will, and there is nothing to indicate a different meaning when the same word is used in another part, it may be presumed that the same meaning is intended.

RUGG, C. J.   This is a bill in equity for instructions as to the meaning of a clause in the will of Joseph F. Ballister, who died in 1892, leaving a will dated in 1883. Most of the estate is given to a trustee to invest and pay the income to the widow during her life, and at her death to pay $500 to his daughter Frances, who as appears by the will was then married, and $500 to such of three unmarried daughters as then should have married or thereafter should marry, with the further provision now to be construed that "Thereafter my trustees shall pay all the net income of my estate then remaining, to such of my daughters as shall be unmarried, so long as they or she shall remain unmarried." The widow and two daughters have died, leaving a daughter, Frances E. Lilly, who is a widow, her husband having deceased in 1912, and Edith Ballister, a daughter, who has never married. The question is whether Frances E. Lilly is entitled to share in the income. There is no doubt that the word "unmarried" is susceptible of the two meanings "never having been married" and also "having no spouse living

although once married." It is not necessary to cite authorities in which the word has been given one or the other of these definitions. The sense in which it is employed by a testator depends upon the general frame of the will, the main purpose to be accomplished by it, the context in which it is found, and the light of the other provisions of the instrument.

This testator, at the time he executed this will, had a wife, one married daughter and three daughters who had never married. He created a trust out of his estate for their benefit. His primary object was to devote the income of his estate to the wife so long as she lived, and provision is made to that end. His secondary design was at her decease to make available gifts to married daughters. A pecuniary legacy is given to Mrs. Lilly if she should be living then, and a similar legacy to such of his other daughters as may have married before the death of his widow, and if any marries thereafter a like gift is provided. Finally, after making these payments, the net income of the trust fund is given to the "unmarried" daughters or daughter so long as they or she remain "unmarried." The trust is to terminate, first, "in case all my daughters surviving shall marry," or second, "upon the death of the last survivor of my daughters who may remain unmarried." This language is significantly expressive of the idea that only daughters unmarried at the time of his death who continued unmarried were intended. The clause last quoted plainly refers to a daughter who has never married. Where a word is used in one sense in one part of a will, and there is nothing to indicate a different meaning when the same word is used in another part, it may be presumed that the same meaning was intended. The natural signification of these words when used by a father of daughters, of whom one had married and others had not married, points to the exclusion of the one who had married from the designation "unmarried," even though she may become single by the death of her husband. In the light of all these circumstances, it is hard to believe that this testator thought of the contingency that a daughter previously married might be without a husband at the death of his wife. If this had been his intent he scarcely would have employed a word more aptly descriptive of one who had never married. The will as a whole seems to indicate a testamentary purpose to provide out of the income of the trust for those daughters

who continue unmarried, rather than to include those who, although once married, have become single.

*Decree accordingly.*

*W. Rand,* for the defendant Frances E. Lilly.

*A. H. Russell,* for the defendant Edith Ballister.