F. E., L. A. AND J. H. RANDOLPH, TRADING AS RANDOLPH BROTHERS, v. SAM EDWARDS.

(Filed 10 March, 1926.)

**1. Evidence—Findings of Fact—Appeal and Error.**

The findings of fact by the lower court, under agreement of the parties, will not be disturbed on appeal when supported by sufficient legal evidence.

**2. Same—Husband and Wife—Homestead—Estates by Entireties.**

Upon the record on this appeal, evidence contained in the judgment of former proceedings: *Held,* sufficient to sustain a finding of fact that the *locus in quo* was a homestead interest and it and surplus over homestead conveyed by entirety to a husband and wife.

**3. Same—Judgments—Execution.**

An estate by entireties held by husband and wife, is not subject to the debts of either during the life of both, except by mutual consent legally given, or subject to execution under judgment against either one.

**4. Same—Deeds and Conveyances.**

A deed to lands made to husband and wife conveys an estate by entireties when there is nothing else therein which can be construed to the contrary.

**5. Same—Wills—Estoppel—Dissent of Widow.**

The right of survivorship of an estate by entireties is not lost by the wife when she has not dissented from her husband's will, attempting to dispose of this right, and creates no estoppel on her.

**6. Judgment—Parties—Estoppel.**

Parties to an action who fail to set up their rights, which are included within the scope of the inquiry, are thereafter estopped by the judgment from asserting them.

APPEAL by plaintiffs from *Bond, J.,* September Term, 1925, of PITT. Affirmed.

Plaintiffs recovered judgment against defendant on 16 February, 1907, before a justice of the peace in Pitt County, for the sum of $133.90. The said judgment was duly docketed on the judgment docket the same date in the Superior Court of Pitt County. Notice was issued on 6 February, 1917, and an order made reviving the judgment on 24 March, 1917, to the end that execution may issue. From the order Sam Edwards appealed to the Superior Court. Edwards filed answer 2 March, 1917, and amended answer on 28 September, 1922. Thereafter Edwards died in 1924, and L. A. Randolph was appointed his administrator. Plaintiffs obtained leave of court to file amended petition with parties as follows: "L. A., J. H. and F. E. Randolph, trading

as Randolph Brothers, and L. A. Randolph, administrator of Samuel Edwards, deceased, v. The North Carolina Joint Stock Land Bank of Durham, the First National Trust Company, Whitehurst-Andrews Company, Albion Dunn, trustee, Jackie Ann Edwards, Edward Chapman, Maggie Lee Chapman, Frank Pitt, Cherry Ann Malissa Pitt, W. C. Whitehurst, and J. B. Bowers." Summons was duly issued and all the defendants served. The petition set forth fully the contentions of plaintiffs, why their judgment should be a lien on the lands of Sam Edwards. The defendants answered, denied any lien of the judgment and set up certain encumbrances held by them on the land of defendant. Jackie Ann Edwards claimed that the land was held by her husband and herself as tenants by the entireties, and at his death subject to the encumbrances on it, she having joined in the conveyances; she was the owner by survivorship and the land was subject to no judgment lien of Randolph Brothers or other judgment creditors.

The parties agreed that the court below should find the facts "it having been agreed, by both the plaintiffs and the defendants, that the court find the facts and render its judgment thereon."

The material facts found for the decision of the case, and assignments of error, will be considered in the opinion.

*F. M. Wooten for plaintiffs.*
*M. K. Blount, Dink James and F. G. James & Son for defendants.*

CLARKSON, J. The plaintiffs contend that there was no evidence to support "the finding of fact to the effect that all the land of which Samuel Edwards was seized and possessed outside of the boundaries of the homestead were sold by Dudley, sheriff, and to the further finding: 'The said W. A. and J. C. Taylor to be the owners of said land, subject to a parol trust in favor of Samuel Edwards and wife, as tenants by the entireties, and said decree directed the said W. A. and J. C. Taylor, to execute and deliver to said Samuel Edwards and wife, as tenants by the entireties deed for the following described portions of said lands.' " We cannot so hold on the record.

In *Clegg v. Clegg,* 186 N. C., p. 34, it was said: "This Court is bound by the findings of fact made by the court below, if such findings are supported by any competent evidence. This is now the well-settled law of this State." *Gaster v. Thomas,* 188 N. C., p. 351; *Turner v. Grain Co.,* 190 N. C., 331; *Foster v. Allison Corp., ante,* 166.

The finding of fact 3, is as follows: "That a judgment was rendered on January 3, 1902, in favor of R. L. Smith & Co. v. Samuel Edwards, and under and by virtue of said judgment, the homestead of Samuel

RANDOLPH v. EDWARDS.

Edwards was allotted to him, on 16 June, 1909. Said homestead being described, etc., containing by estimation 150 acres. The allegation of plaintiffs in their complaint is a basis of this finding of fact.

In the record is a deed dated 18 May, 1911, from S. I. Dudley, sheriff of Pitt County, to W. A. Taylor—sale under execution of the following land: "One tract of land lying and being in Bethel Township, Pitt County, North Carolina, beginning at a large pine stump, corner of *Samuel Edwards homestead* and running a southwestern course with the line of *Samuel Edwards homestead* to the run of Grindle Creek, thence down the creek to J. J. Jones' line, thence with J. J. Jones' line to the road, thence with the road to the beginning, containing by estimation 75 acres, more or less. One other tract, in Bethel Township, Pitt County, North Carolina, lying on the east side of the road and being all of the land that Samuel Edwards owned on the east side of the road bounded by the lands of J. J. Jones, the *homestead of Samuel Edwards* and others, containing 25 acres, more or less." The description of this deed calls for Samuel Edwards' homestead. In the petition of Samuel Edwards and wife, Jackie Ann Edwards, to intervene in case of "W. A. and J. C. Taylor v. W. J. Robertson and R. L. Barnhill," it is alleged "that in order to perfect the title to said land it would be necessary to have the *excess* over and above the homestead allotment" sold, etc. . . . "and thereafter in accordance with said agreement and understanding the said excess was sold by the sheriff and W. A. Taylor was last and highest bidder and deed was made to him on 18 May, 1911." The evidence was ample to support the finding, viz.: "That under said last mentioned execution, all the lands of which the said Samuel Edwards was then seized and possessed, *outside of the boundaries of the homestead,* above referred to and above described, were sold by S. I. Dudley, sheriff, after due advertisement, as provided by law and at said sale W. A. Taylor was the last and highest bidder and became the purchaser thereof, as is evidenced by deed from S. I. Dudley, sheriff, to W. A. Taylor, of record in Book T-9, page 497, of the office of the register of deeds of Pitt County."

The court below found as a fact "that prior to the rendition of any of the judgments above mentioned, and prior to the rendition of any of the judgments docketed against Samuel Edwards, in favor of Randolph Brothers, or any other persons, *Samuel Edwards and wife executed and delivered under date of 21 February, 1888,* that *certain mortgage* which appears of record in the public registry of Pitt County in Book R-4, page 241, to Alfred Forbes, securing the indebtedness therein described," describing the land.

The note, secured by mortgage, made to Alfred Forbes was purchased by J. C. and W. A. Taylor. The Taylors purchased several other liens

on the land. They then brought an action to establish the debts and foreclose the mortgage. The title of the suit was: "W. A. Taylor and J. C. Taylor v. Samuel Edwards and wife, Jackie Ann Edwards, F. E. Randolph, L. A. Randolph and J. H. Randolph, Robert Staton, J. R. Bunting and Macclesfield Supply Company."

It is alleged in the complaint in this case that the land set forth in the Alfred Forbes mortgage was the *same land allotted to Samuel Edwards as his homestead.* The court below found: "That at the September Civil Term, 1912, of Pitt Superior Court, in the aforesaid action of W. A. and J. C. Taylor v. Samuel Edwards and wife, Jackie Ann Edwards, F. E. Randolph, L. A. Randolph, J. H. Randolph, Robert Staton, J. R. Bunting and Macclesfield Supply Co., before his Honor, E. B. Cline, judge presiding, judgment rendered in favor of the plaintiff and against the defendants, in which, among other things, it was adjudged and decreed as follows: '*It is further ordered, adjudged and decreed that Samuel Edwards and wife, Jackie Ann Edwards, mortgagors aforesaid, and L. A. Randolph, F. E. Randolph and J. H. Randolph,* Robert Staton, J. R. Bunting and the Macclesfield Supply Company, judgment creditors, be and they are hereby *forever* foreclosed *of all legal rights and all equities of redemption in said land.*' "

Mr. F. C. Harding was appointed commissioner to sell this "homestead" (which was allotted to Samuel Edwards), under the decree of the court. This was duly and regularly done and W. A. Taylor became the last and highest bidder and the commissioner made a deed to him. This was done under what is known as the "Cline judgment."

From the record, W. A. Taylor became the owner of all the lands of Samuel Edwards (1) By deed of Sheriff Dudley *excess of homestead;* (2) Foreclosure of mortgage *on the homestead* made prior to plaintiffs' judgment and all other judgment creditors. All interested persons having been made parties to this proceeding, including the plaintiffs and other judgment creditors.

The court below found: "That thereafter, W. A. and J. C. Taylor became financially involved and thereafter in an action entitled 'W. A. Taylor and J. C. Taylor v. W. A. Roberson and R. L. Barnhill,' a receiver was appointed for the said W. A. and J. C. Taylor, which said receiver took possession of all of the property, of the said W. A. and J. C. Taylor, both real and personal, including the Samuel Edwards lands, etc. That pending said receivership proceedings, Samuel Edwards and wife, Jackie Ann Edwards, were permitted by the court to intervene," by petition in the case. "That, as will appear from the petition of the said Samuel Edwards and wife, Jackie Ann Edwards, the said W. A. and J. C. Taylor purchased said lands, pursuant to a

22—191

parol agreement, had by the said W. A. and J. C. Taylor with the said Samuel Edwards and wife, that the said W. A. and J. C. Taylor would take title thereto in their own names, pay off all indebtedness of the said Samuel Edwards and wife, and execute to them a deed therefor, the said Samuel Edwards and wife, in turn, to execute a mortgage securing said indebtedness. In said proceedings, issues were duly submitted to the jury, which issues were found in favor of the said Samuel Edwards and wife, Jackie Ann Edwards. The material one is as follows: "Did W. A. Taylor purchase the lands described in the pleadings with the parol agreement and understanding had with Samuel Edwards and wife, Jackie Ann Edwards, that he would purchase and hold the same for the joint use and benefit of the said Samuel Edwards and wife, Jackie Ann Edwards, subject to the indebtedness of the intervenors to W. A. and J. C. Taylor? Answer: Yes." The lands set forth in the petition to intervenee of Samuel Edwards and wife, Jackie Ann Edwards, included the "homestead" and "excess." "That after the issues were found by the jury in favor of Samuel Edwards and wife, Jackie Ann Edwards, as above set forth, judgment was duly rendered by the court, Devin, J., declaring, in substance, that the said W. A. Taylor held said land subject to a parol trust in favor of Samuel Edwards and wife, as tenants by the entireties, and said decree directed the said W. A. Taylor to execute and deliver to the said Samuel Edwards and wife, as tenants by the entireties, deed for portions of said land" (describing them); which is the land in controversy. The adjustment of the indebtedness, etc., between the parties is not necessary to set out.

The court found: "And thereafter, the said W. A. and J. C. Taylor, pursuant to said judgment, did execute and deliver to the said Samuel Edwards and wife, Jackie Ann Edwards, a deed for said lands, which said deed, however, was never recorded; and thereafter the said Samuel Edwards and wife, Jackie Ann Edwards, continued in possession of said lands as tenants by the entireties, up to the death of the said Samuel Edwards, in 1924."

It is found that Samuel Edwards and wife, Jackie Ann Edwards, continued in possession of said lands as tenants by the entireties up to the death of the said Samuel Edwards in 1924. Plaintiffs were regularly made parties and under the Cline judgment their rights were foreclosed. Samuel Edwards and wife, Jackie Ann Edwards, made a parol agreement that the land purchased by W. A. Taylor should belong to him and his wife, Jackie Ann Edwards. The decree signed by Devin, J., ordered that a deed be made by W. A. Taylor to "Samuel Edwards and wife, Jackie Ann Edwards, as tenants by the entireties." This deed was made in accordance with the decree.

"When land is conveyed or devised to husband and wife, nothing else appearing, they take by the entireties and upon the death of either, the other takes the whole by right of survivorship." *Turlington v. Lucas,* 186 N. C., p. 285. "That a conveyance of land in fee to husband and wife, they take by entireties with right of survivorship, and during their lives the lands are not subject to the debts of either, except with consent of both properly given." *Turlington case, supra,* p. 286; *Bruce v. Nicholson,* 109 N. C., 202; *Johnson v. Leavitt,* 188 N. C., 683.

We think the facts as established by the Devin judgment and deed made in compliance created an estate by entireties. The case of *Harrison v. Ray,* 108 N. C., 215, cited by plaintiffs does not militate against the position here taken.

It is further found as a fact that Samuel Edwards made a will purporting to dispose of this land and Jackie Ann Edwards has not dissented therefrom. It is further found as a fact that Samuel Edwards and wife, Jackie Ann Edwards, continued in possession of the land as tenants by the entireties up to Edwards' death in 1924. The fact that her husband attempted to dispose of the land belonging to her as survivor cannot deprive her of the land.

In *Cook v. Sink,* 190 N. C., p. 625, it was said: " 'Where a person has, with knowledge of the facts, acted or conducted himself in a particular manner, or asserted a particular claim, title, or right, he cannot afterwards assume a position inconsistent with such act, claim or conduct to the prejudice of another.' 16 Cyc., p. 785; *Holloman v. R. R.,* 172 N. C., p. 376."

Jackie Ann Edwards is now claiming the land as the survivor under an estate by the entireties. The fact that she has not dissented from the will of her husband cannot deprive her of the title to her land. She has never acted or conducted herself in such a manner or asserted any claim, title or right or assumed a position inconsistent with such act, claim or conduct to the prejudice of another. On the entire record there was ample evidence to sustain the facts found by the court below.

We do not think Jackie Ann Edwards estopped from claiming the land. Plaintiffs, Randolph Brothers, had their day in court. They were parties to the action in which their rights were foreclosed. They could have bid at the F. C. Harding, commissioner, sale—they did not do so. This was their chance to save their debt. It may be hard that the plaintiffs have to lose their debt, but their rights have been foreclosed in a legal manner. The judgment must be

Affirmed.