ADAIR GURLEY v. C. F. WIGGS.

(Filed 15 December, 1926.)

**Wills—Devise—Estates—Conditions—Contingent Limitations —Husband and Wife.**

A devise of land by a father to his daughter for life, with limitation over to her children, but should her husband predecease her then to her in fee: *Held,* construing the will as a whole, the intent of the testator was to insure the benefit of the gift to her free from the control of her

husband during his life, and the one fitting the description at the time of making the will and at the time of testator's death, was particularized as if his name had been given. C. S., 4165.

APPEAL by defendant from *Cranmer, J.,* at October Term, 1926, of WAYNE, from a judgment rendered in a controversy without action.

Ida P. Hardee died in January, 1918, leaving a last will and testament, the seventh item of which is as follows: "I give and devise to my daughter, Adair Hardee Gurley, during her natural life, all the real estate that I own in the town of Fremont, North Carolina, it being the same land conveyed to me by C. E. Thomas by deed which appears of record in Wayne County, in book 106 at page 515, and after the death of the said Adair Hardee Gurley, I give and devise the said land to the children of the said Adair Hardee Gurley, provided, however, that if the said Adair Hardee Gurley shall survive her said husband, then at the death of her husbannd the said Adair Hardee Gurley shall have an indefeasible fee-simple estate in said land."

At the time the will was executed and until his death on 12 October, 1918, T. D. Gurley was the husband of Adair Hardee Gurley. To them were born four children, all of whom are minors; two of the daughters having husbands who were living at the death of the testatrix. On 6 October, 1926, Adair Hardee Gurley, the plaintiff, entered into a written contract with the defendant whereby she agreed to sell and he agreed to purchase the land described in item seven of the will, and on 8 October, she tendered him a deed sufficient in form to convey the land in fee with full covenants. The defendant declined to accept the deed for the alleged reason that the plaintiff cannot convey a title in fee simple. Upon the agreed facts it was adjudged that the plaintiff can convey a title in fee; whereupon the defendant excepted and appealed.

*Dickinson & Freeman for plaintiff.*
*B. F. Aycock for defendant.*

ADAMS, J. The death of the testatrix occurred in January, 1918, and that of the plaintiff's husband on 12 October, 1918. The appeal is prosecuted to determine the single question whether the words "said husband" and "her husband," as used in the seventh item of the will, are restricted to the devisee's deceased husband, or whether her acquisition of the title in fee is dependent upon her surviving any one who may possibly become her husband by a subsequent marriage. In the fifth and sixth items a similar devise is made to two other daughters.

Unless modified the general rule is that a devise applies to the person answering the description at the date of the will. It is illustrated

by Williams: "A bequest by a husband to his 'beloved wife,' not mentioning her by name, applies exclusively to the individual who answers the description at the date of the will, and is not to be extended to an after-taken wife." 2 Williams on Executors (11 ed.), 867. See, also, 1 Jarman on Wills (6 ed.), 396. In *Garratt v. Neblock,* 39 Eng. Rep., 241, which is cited in support of the text, the question was whether the description was applicable only to the wife *in esse* at the date of the will and therefore as personal as if her Christian name had been inserted or whether the words were descriptive of a class. The principle is maintained in later English authorities: "As regards the rule of law, the proposition which is admitted in this case is that prima facie where the wife of a person is spoken of by a testator, and that person is married at the date of the will, in the absence of any context, the wife existing at the date of the will is the person intended to take." *In re Coley,* 2 Chan., 102.

It is true, however, that wills frequently contain provisions which indicate a meaning at variance with the general rule, as in *Peppin v. Bichford,* 30 Eng. Rep., 1160, and *In re Drew,* 1 Chan., 336. The result is that the application of general rules is often subordinated to the context and the intent of the testator as disclosed by the will in its entirety.

It was evidently the purpose of the testatrix who made the will under consideration to see that the husband should have no legal right to exercise control over the devised land, or in any way to interfere with it to the prejudice of the objects of her bounty. The daughter was to hold the land during her natural life with remainder to her children, but if she survived her husband she was to take the fee. Her husband was living at the date of the will and at the death of the testatrix. C. S., 4165. The judgment seems to be supported by the authorities: *Beers v. Narramore,* 22 At. (Conn.), 1061; *Van Syckel v. Van Syckel,* 26 At. (N. J.), 156; *Johnson v. Webber,* 33 At. (Conn.), 506; *Williams v. Alt,* 226 N. Y., 283. See annotation to *Meeker v. Draffen,* 33 L. R. A. (N. S.), 816.

Affirmed.