S. N. BUCKNER v. CLYDE MAYNARD, W. L. MAYNARD, CARRIE BROWN AND HUSBAND, FRANK BROWN, LAURA MAYNARD, LEE MAYNARD, LEWIS MAYNARD AND SAM RIDDLE, MINORS, BY THEIR NEXT FRIEND, WALTER MAYNARD, AND D. R. FOUTS, COMMISSIONER.

(Filed 6 June, 1930.)

1. Deeds and Conveyances C c—Where intent of grantor as expressed in deed is to convey to R. and her children, they take as tenants in common.

While ordinarily and standing alone an estate conveyed by deed to "R. and children, her bodily heirs and assigns," would carry a fee-simple estate to R., it will not so operate when taking the deed in its entirety, the intent of the grantor is ascertained to convey the lands to R. and her children as tenants in common, and such intent is in conformity with like expressions used in the other material and relevant portions of the deed.

2. Same—In this case held: deed expressed intent to convey to R. and her children as tenants in common.

Where a conveyance of lands by the grantor uses the words in the premises to "R. and her children" in the witnesseth clause "convey to the said R. and her children, her bodily heirs and assigns": Held, the words "bodily heirs" refers to "children," and the terms thus reconciled express the intent of the grantor to vest the estate in R. and her children as tenants in common, and the children take a vested interest in the lands so conveyed.

APPEAL by defendants from *Harding, J.,* YANCEY Superior Court, heard at Marion, N. C., on 17 February, 1930, making a restraining order in this action permanent. Reversed.

This is an action; the controversy is over sixteen acres of land in Cane River Township, Yancey County, N. C. The action is to restrain D. R. Fouts, commissioner, and the other defendants who claim the land as tenants in common, from a sale of the land in an action brought for partition.

On 18 November, 1912, James Buckner and Sarah Ann Buckner made a deed to the land—pertinent portions of the deed: (a) "This deed made this 18 November, 1912, by James Buckner and Sarah Ann Buckner, of Madison County, and State of North Carolina, of the first part, *to Eller Riddle and her children,* of Yancey County and State of North Carolina, of the second part, (b) Witnesseth: That the said James Buckner and Sarah Ann Buckner, in consideration of fifty dollars ($50) to ......... paid by Eller Riddle, the receipt of which is hereby acknowledged, have bargained and sold, and by these presents do bargain, sell and convey to the said *Eller Riddle and children,* her bodily heirs and assigns, . . . (c) To have and to hold the aforesaid tract of land after the death of James Buckner and Sarah Ann Buckner. . . . To have and to hold the aforesaid tract or parcel, : . . . and all privileges and appurtenances thereto belonging to the said .. ..... heirs and assigns, to ........ only use and behoof forever." The deed also indicates that a blank form was filled in and the covenants usually in a deed were crossed out.

The plaintiff claims title under a deed from Eller Riddle and husband James Riddle to Jeter Buckner, dated 16 September, 1918, conveying a fee-simple title to the land, and subsequent conveyances.

Defendants claim under a partition proceeding to sell the land for division as children of Eller Riddle, there being eight, and Eller Riddle and the parties who had a life estate being dead—D. R. Fouts, under the proceeding having been appointed commissioner to sell the land.

From a judgment permanently restraining defendant D. R. Fouts, commissioner, and the children of Eller Riddle from selling the land, defendants except, assign error and appeal to the Supreme Court.

*Chas. Hutchins for plaintiff.*
*Watson & Fouts for defendants.*

CLARKSON, J. We think the only question for our decision is whether the deed from James Buckner and Sarah Ann Buckner vested a fee-simple title in Eller Riddle, or an estate as tenants in common in Eller Riddle and her children. We think an estate vested as tenants in common in Eller Riddle and her children.

There is no question under our authorities that standing alone the language under the witnesseth clause "do grant, bargain, sell and convey to the said Eller Riddle and children her bodily heirs and assigns" would convey a fee simple. *Harrington v. Grimes,* 163 N. C., 76.

In the *Harrington case, supra,* the deed in the premises was (a) "to N. J. Buckner and her bodily heirs" in the witnesseth clause (b) "convey to said N. J. Buckner and her bodily heirs and assigns" habendum clause (c) "and her bodily heirs and assigns" warranty clause (d) "covenant with the said N. J. Buckner and her bodily heirs and assigns." In that case at p. 79, it is said: "But no such intent can be gathered from this instrument, nor does it contain any words or expressions to qualify or affect the ordinary meaning of the words 'bodily heirs' in connection with the estate limited to N. J. Buckner, and the deed, as stated, has been properly held to convey to such grantee an estate in fee simple." Under the law prior to C. S., 1734, the deed conveying the land to "her bodily heirs" would have conveyed a fee tail, which, under the statute, *supra,* was converted into a fee simple. We think the cases of *King v. Stokes,* 125 N. C., 514; *Acker v. Pridgen,* 158 N. C., 337, and *Puckett v. Morgan,* 158 N. C., 344, are more controlling than the *Harrington case, supra.*

In the *Puckett case, supra,* at p. 348, is the following: "In the will now under consideration, we think the testator Pace has so explained and qualified the use of the words 'her bodily heirs' as to plainly indicate that he meant the children or issue of his daughter Martha, and that the words are not employed in their legal or technical sense as representing heirs in general, but only as descriptive of a certain class of heirs."

In *Ellington v. Trust Company,* 196 N. C., p. 755, it is written: "The guiding star in the interpretation of wills, to which all rules must bend, unless contrary to some rule of law or public policy, is the intent of the testator, and this is to be ascertained from the four corners of the will, considering for the purpose the will and any codicil or codicils as constituting but one instrument. 28 R. C. L., 211, *et seq.*" *Boyd v. Campbell,* 192 N. C., 398.

In ascertaining the intent of the testator, we think an estate vested as tenants in common in Eller Riddle and her children. We construe the entire will to sense the intent (1) In the premises the conveyance purports to be to *"Eller Riddle and her children."* (2) In the witnesseth clause *"convey to the said Eller Riddle and children her bodily heirs and assigns."* The words "her bodily heirs" we think have reference to "and children" and affects the ordinary technical meaning "her bodily heirs." This construction would reconcile with the clear language in the premises. The words were used as *descriptio personæ* and not ·in

their technical sense. The habendum clause is left blank and the warranty clause is stricken out. We think the better interpretation is that the land vested in "Eller Riddle and her children." This at least is clear language in the premises, and the other part of the deed can be reconciled with this construction. Twice in the deed (1) "Eller Riddle and her children" (2) "Eller Riddle and children," etc.

*Martin v. Knowles,* 195 N. C., 427, is easily distinguishable from the present case.

In *Tate v. Amos,* 197 N. C., at p. 161, citing numerous authorities, is the following: "This Court has uniformly held that a devise to 'A' and her children, 'A' having children, vests the estate to them as tenants in common." The judgment below is

Reversed.