WILLIAM C. BYRD and Wife, RENA BYRD, Petitioners, v. CORA ALLEN PATTERSON and Husband, ABE PATTERSON, Respondents.

(Filed 4 June, 1948.)

**1. Deeds § 2b—**

In order to be operative as a conveyance, a deed must designate as grantee a person capable of taking the land either by name or by description sufficiently definite for identification, and extrinsic evidence is admissible for the purpose of fitting the description to the person or persons intended.

**2. Same: Husband and Wife § 14—**

Where the premises and granting clause in a deed is to a person named "and wife" the deed conveys an estate by entireties notwithstanding the fact that the name of the wife nowhere appears therein, since the description is sufficiently definite to permit evidence of identity *aliunde*, established in this case by stipulation of the parties.

**3. Husband and Wife § 14—**

A deed to husband and wife conveys an estate by entireties notwithstanding the deed fails to characterize the estate conveyed.

**4. Same: Deeds § 13a—**

Where the premises and granting clause of a deed is to a man and his wife, the fact that the *habendum* and warranty clauses fail to designate the wife does not affect the nature of the estate conveyed, since the granting clause prevails where there is any repugnancy between it and preceding or succeeding recitals.

**5. Wills § 44—**

Where the husband devises a life estate to his wife in lands held by them by entireties and also bequeaths to her all of his personal estate, the doctrine of election does not apply, and her heirs are not estopped from claiming the realty by her acts in qualifying as executrix and accepting the personal property.

APPEAL by defendants from *Carr, J.,* November Term, 1947, ALA-MANCE. Affirmed.

Special proceedings for the sale of real property for partition in which the defendant Cora Allen Patterson pleads sole seizin.

Upon plea of sole seizin, the cause was transferred to the civil issue docket of the Superior Court for trial of the issue thus raised. When the cause came on to be heard, the parties waived trial by jury and submitted the cause to the judge to find the facts and render judgment upon the facts found. Thereupon, the court found the facts in substance as follows:

In 1901 Thomas Crumpton and wife conveyed the *locus* to "Thomas N. Allen and wife." The determinative provisions of the deed read: the premises, "to Thomas N. Allen & wife"; the granting clause, "to said Thomas Allen and wife theirs and assigns"; the *habendum* clause, "to the said Thomas N. Allen and wife, his heirs and assigns, to their only use and behoof forever"; and the warranty clause, "covenant with said Thomas N. Allen his heirs and assigns."

The name of the grantee "wife" nowhere appears in the deed, but it is stipulated as a fact that at the time said deed was executed and delivered, Catherine Allen was the wife of Thomas N. Allen, living with him as such.

The land was paid for through the joint efforts of Allen and his wife.

T. N. Allen died testate in the year 1931, leaving surviving his widow and one child by a former marriage, the defendant, Cora Allen Patterson. He devised the *locus* to his wife, Catherine Allen, for her natural life, but made no testamentary disposition of any remainder therein. He also bequeathed to his wife all his household and kitchen furniture, stock, poultry, crops, and provisions on hand. His widow qualified as executrix of the will and continued in possession of the real property until her death in 1945. She left no child or children surviving. Her nephew, plaintiff William C. Byrd, purchased from her heirs at law a two-thirds interest in said land, and one sister of deceased conveyed a one-third interest therein to defendant Cora Allen Patterson.

Upon finding the facts in substance as stated, the court concluded that the deed from Crumpton and wife to Allen and wife conveyed an estate by entirety and that those claiming under her are not estopped to claim title to the property in controversy by virtue of any election made by her when she qualified as executrix under the will of her husband and took the personal property therein devised to her. It thereupon adjudged that the plaintiff is the owner of a two-thirds undivided interest and the *feme* defendant of a one-third undivided interest in and to the *locus,* and ordered a sale thereof for partition. Defendants excepted and appealed.

BYRD *v.* PATTERSON.

*W. Henry Hunter and Thomas Turner for plaintiff appellees.*
*Thos. C. Carter for defendant appellants.*

BARNHILL, J. The record presents this situation: Land is conveyed to T. N. Allen and wife without naming the *feme* grantee. Allen dies testate, leaving surviving his widow and one child by a former marriage. In his will he devises his personal property and a life estate in the land to his widow. The widow qualifies as executrix, takes the personal property, and remains in possession of the land until her death. After her death, a collateral relative acquired a two-thirds interest in such estate as she owned in the land, and the *feme* defendant acquired the other one-third. The *feme* defendant, sole surviving heir of T. N. Allen, now claims the whole estate.

This state of facts raises two questions for decision: (1) Did the deed from Crumpton and wife to Allen and wife convey an estate by entirety; and if so, (2) Did Mrs. Allen, by qualifying as executrix of Allen's will and accepting the personal property therein bequeathed to her, make an election which estopped her and those claiming under her from asserting title to the *locus?*

The court below answered the first in the affirmative and the second in the negative. We concur.

A deed, to be operative as a conveyance, must in some manner designate as grantee an existing person who is capable of taking title to the land. 16 A. J., 482. While the correct name of the grantee affords a ready means of identification of the person intended, its use is not a prerequisite to the validity of the instrument. 16 A. J., 483. If a living or legal person is intended as the grantee and is identifiable by the description used, the deed is valid, however he may be named in the deed. 16 A. J., 483.

Thus a conveyance, *Ballard v. Farley,* 226 S. W., 544, or a devise, *Motley v. Whitemore,* 19 N. C., 537, to a named man "and wife" or a deed to a designated person "and children" conveys an estate to the "wife" or "children" living at the time of the execution and delivery of the deed, or, in the case of a will, at the death of the testator. *Darden v. Timberlake,* 139 N. C., 181; *Buckner v. Maynard,* 198 N. C., 802, 153 S. E., 458; *Cullens v. Cullens,* 161 N. C., 344, 77 S. E., 228; *King v. Stokes,* 125 N. C., 514; *Helms v. Austin,* 116 N. C., 751; *Gay v. Baker,* 58 N. C., 344. It is just as effectual as if the name of the wife or child or children had been given in full, 6 Thompson, Real Property, 322, 325, and extrinsic evidence is admissible for the purpose of fitting the description to the person or persons intended. 16 A. J., 482; 6 Thompson, Real Property, 322, 325; *Gold Mining Co. v. Lumber Co.,* 170 N. C., 273, 87 S. E., 40.

A wife is a woman who has a husband. *Davis v. Bass,* 188 N. C., 200, 124 S. E., 566. The name of the husband appears in the face of the deed. This is sufficient to permit evidence *aliunde* the record to identify the other grantee, the "wife," and her identity is made to appear by stipulation. 41 C. J. S., 447; *Ballard v. Farley, supra;* 6 Thompson, Real Property, 322, 325.

The deed need not characterize the estate conveyed. If it is to husband and wife, nothing else appearing, they take by the entireties. *Randolph v. Edwards,* 191 N. C., 334, 132 S. E., 17; *Johnson v. Leavitt,* 188 N. C., 682, 125 S. E., 490; *Davis v. Bass, supra; Turlington v. Lucas,* 186 N. C., 283, 119 S. E., 366; *Holton v. Holton,* 186 N. C., 355, 119 S. E., 751; *Bruce v. Nicholson,* 109 N. C., 202.

The slight inconsistencies in the designation of the grantees in the several provisions of the deed do not affect the nature of the estate conveyed for "in the event of any repugnancy between the granting clause and preceding or succeeding recitals, the granting clause will prevail." *Ingram v. Easley,* 227 N. C., 442, 42 S. E. (2d), 624; *Artis v. Artis,* 228 N. C., 754; *Williams v. Williams,* 175 N. C., 160, 95 S. E., 157; 16 A. J., 575.

Clearly then, the Crumpton deed conveyed an estate by entirety to T. N. Allen and his wife, Catherine Allen.

The facts found by the court below are not such as to invoke the application of the doctrine of election. Her property was not devised to another so as to compel her to decide whether she would stand on her rights or abide by the terms of the will.

"The doctrine of election is not applicable to cases where the testator, erroneously thinking certain property is his own, gives it to a donee to whom in fact it belongs, and also gives him other property which is really the testator's own; for in such cases the testator intends that the devisee shall have *both,* though he is mistaken as to his own title to one." 2 Pomeroy, Eq. Jur., 5th Ed., 358; *Elmore v. Byrd,* 180 N. C., 120, (125), 104 S. E., 162; *Benton v. Alexander,* 224 N. C., 800, 32 S. E. (2d), 584, and cited cases.

Allen devised to his wife a life estate in the land held by entirety which she already owned. He made no disposition of the remainder which was hers as surviving tenant by entirety. The fact that he also gave her other property and she qualified as executrix of his will does not work an estoppel against those claiming under her.

It follows that the judgment below must be

Affirmed.