ADAMS SHERMAN HILL & another, trustees, *vs.* ELEANOR LITTLE ALDRICH & others.

Suffolk.   November 10, 1950. — January 3, 1951.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Devise and Legacy*, Identity of beneficiary, Gift to widow of another. *Identity*. *Words*, "Widow."

Under a will providing for the establishment of a trust to continue "until the death of the last survivor of such of my children, grandchildren and any widow of my son, surviving him as shall be living at my decease," for the distribution of income of the trust among descendants of the testatrix during its continuance, and, upon the death of the son, for the payment of a specified annuity from the income of the trust to his

"widow" during her life, such annuity was intended only for a woman who was the wife of the son at the time of the making of the will and had been for some years before and who survived the testatrix, and not for a second wife whom the son, his first wife having died, married long after the death of the testatrix and who survived him.

PETITION for instructions, filed in the Probate Court for the county of Suffolk on February 15, 1949.

The case was heard by *Dillon,* J.

*J. H. Kimball,* stated the case.

*P. B. Sargent,* for Hilda Kimball Duffey.

*B. Aldrich,* for certain respondents and pro se as guardian ad litem.

*C. S. Bolster,* pro se as guardian ad litem.

WILKINS, J. The primary purpose of this petition by the trustees under the will of Clara B. Kimball is to receive instructions whether Hilda Kimball, the widow of David Kimball (a son of the testatrix), is entitled to the payment of an annuity under the eighteenth clause of the will. From a decree of the Probate Court instructing that no annuity is payable to her, Hilda appeals. Hilda was the second wife of David, who, at the time of the execution of the will, was married to Astrid Kimball, who died shortly after the death of the testatrix. The instructions given by the Probate Court are tantamount to a ruling that the annuity in question was intended only for Astrid. Subsequent to the filing of the petition Hilda remarried, and is now known as Hilda Kimball Duffey. See *Proctor* v. *Clark,* 154 Mass. 45; *Newton-Waltham Bank & Trust Co.* v. *Miller,* 325 Mass. 330.

Except for the disputed annuity, the income is now payable to the issue of the testatrix by right of representation. Her children are all dead. The pertinent provision gives property to the trustee with authority to manage it "as one trust fund until the death of the last survivor of such of my children, grandchildren and any widow of my son, surviving him as shall be living at my decease, and to pay over the net annual income thereof in equal shares to my three children for and during their natural lives; and after the decease of any child . . . to pay over to the husband or

widow of such child, if a husband, twenty-five thousand dollars from the principal, and if a widow, an annuity of six thousand dollars for and during her natural life from the net annual income of said trust fund, and to pay over the whole, or the remainder of the income, as the case may be, to my lawful issue, equally by right of representation during the continuance of the trust."

Clara B. Kimball died in 1920. When the will was made in 1915 David, who was born in 1870, had been married since 1904 to Astrid. In 1930 David, then a widower, married Hilda, who was born in 1911. David died in 1948, survived by Hilda and by a daughter born in 1942.

The fundamental rule for the construction of wills is to ascertain the intention of the testator from the whole instrument, attributing due weight to all its language, considered in the light of the circumstances known to him at the time of its execution, and to give effect to that intent unless some positive rule of law forbids. *Fitts* v. *Powell*, 307 Mass. 449, 454. *Agricultural National Bank* v. *Miller*, 316 Mass. 288, 291. *Knowlton* v. *Forbush*, 322 Mass. 703, 704.

One of the lives measuring the duration of the trust is "any widow of my son, surviving him as shall be living at my decease." The participial clause, we agree, was inserted to guard against violation of the rule against perpetuities. The words "surviving him," however, are nothing but surplusage unless the decision of the Probate Court was right. This requirement of survivorship on the part of "any widow" to us identifies a particular individual, namely, the actual wife of the testatrix's son when the will was executed. See *Solms' Estate*, 253 Pa. 293, 298. In the clause providing for the payment of an annuity the reference is to "the husband or widow of such child . . . and if a widow, an annuity of six thousand dollars for and during her natural life." It does not seem likely that the word "widow" was used in different senses in these two clauses in the same paragraph. The presumption is to the contrary. *Russell* v. *Lilly*, 213 Mass. 529, 530. *Tyler* v. *City Bank Farmers Trust Co.* 314 Mass. 528, 534.

In other jurisdictions it has been held that a testamentary
gift to the widow of another is presumptively at least a gift
only to that other's wife who was known to the testator.
*Beers* v. *Narramore,* 61 Conn. 13. *Matter of Friend,* 168
Misc. ( N. Y.) 607; *S. C.* 283 N. Y. 200. *Solms' Estate,* 253
Pa. 293. Compare *Swallow* v. *Swallow's administrator,* 12
C. E. Green, 278; *Meeker* v. *Draffen,* 201 N. Y. 205. In
*Anshutz* v. *Miller,* 81 Pa. 212, 215, which concerned the
word "widow," the principle was stated: "Where an estate
is given to a person described by relation either to the tes-
tator or to other devisees, on a contingency that may or
may not happen, and a person is in being at the time of the
execution of the will, to whom, on the happening of the
contingency, the description would apply, it is a safe general
rule to hold such person as intended to be the devisee."
See *In re Coley,* [1903] 2 Ch. 102; *Willis* v. *Hendry,* 127
Conn. 653, 672; *Gannett* v. *Shepley,* 351 Mo. 286; *Van
Syckel* v. *Van Syckel,* 6 Dick. (N. J.) 194; *Van Brunt* v.
*Van Brunt,* 111 N. Y. 178. Compare *Williams* v. *Funding-
sland,* 74 Colo. 315, 321. This rule is particularly pertinent
where the gift would be to the disadvantage of the lineal
descendants of a testator and might result for an indefinite
time. in the diversion of income to some person who was
unknown to him but might become his son's widow.

Our conclusion that the decree of the Probate Court was
correct is confirmed by a consideration of the effect of
alternative interpretations. The annuity, if payable to any
widow whomsoever, might conceivably go to one born after
the decease of the testatrix, although, because of the phrase-
ology of the will, such a widow would not furnish one of the
lives measuring the duration of the trust. The effect would
be that the annuity might not last her entire life, as the
youngest of the grandchildren surviving the testatrix whose
lives measure the duration was born in 1899, and there is no
provision for prolonging an annuity of which payments would
have begun so that it would continue after the trust might
be otherwise terminated and the principal otherwise dis-
tributed as required by the will. A more limited interpre-

tation that the annuity is payable only to any widow born in the lifetime of the testatrix, irrespective of whether she might marry the son in the testatrix's lifetime or might be known to the testatrix, is likewise open to serious practical objection. We cannot believe that there was an intent to distinguish between unknown women born before and those born after the death of the testatrix; and, if there was not, that in providing for the payment of an annuity to a widow "during her natüral life" it was a purpose in some cases that the annuity might end before the annuitant's life.

The allowance of costs and expenses shall be in the discretion of the Probate Court.

*Decree affirmed.*