BEULAH T. MATHESON v. AMERICAN TRUST COMPANY, TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF JAMES PLEASANT MATHESON, DECEASED ; NELL COFFEY LINNEY, ADMINISTRATRIX C.T.A. OF THE ESTATE OF BAXTER M. LINNEY, DECEASED; NELL COFFEY LINNEY, MARGARET LINNEY COFFEY, MARY FRANCES LINNEY BREWER, KENNETH BOGLE LINNEY; MAMIE LEE MATHESON,, ADMINISTRATRIX OF THE ESTATE OF ROBERT ATWELL MATHESON, DECEASED; MAMIE LEE MATHESON; GLENN HOLLAND, EXECUTOR OF THE ESTATE OF LILLIAN MATHESON HOLLAND, DECEASED; GLENN HOLLAND, ROBERT GLENN HOLLAND, LUCILE MATHESON ABERNETHY, MARY AYRES PAYNE CAMPBELL, WILLIAM MATHESON PAYNE, AND THOSE UNKNOWN AND UNBORN PERSONS WHO MAY HEREAFTER, *by* EITHER BIRTH OR ADOPTION FALL WITHIN THE CLASS DESIGNATED BY JAMES PLEASANT MATHESON, DECEASED, IN HIS WILL AS "MY NIECES AND NEPHEWS" PRIOR TO THE DEATH OF THE PLAINTIFF, BEULAH T. MATHESON.

(Filed 16 October, 1957.)

**Wills § 34b—**

Testator's will provided for the payment of income from designated property to his brother "and his wife" in equal parts and to the survivor of them for the lifetime of the survivor, with provision for the distribution of the *corpus* upon the death of the survivor. After testator's death,

the wife died and the brother remarried. Thereafter the brother died. *Held:* The gift was to the wife of the brother living at the time of the execution of the will and testator's death, and the second wife of the brother took no interest under the will.

APPEAL by the plaintiff, Beulah T. Matheson, and by the Guardian *ad Litem* from *Sharp, S. J.,* March, 1957 Special Term, MECKLENBURG Superior Court.

The plaintiff brought this action for the purpose of having the court determine her rights under the will of James Pleasant Matheson. The testator, a physician residing in Charlotte, North Carolina, executed his will on 15 March, 1934. He was killed in an automobile accident on 5 August, 1937. He was never married. At the time of the execution of the will the testator had one living brother, two living sisters, and a number of nieces and nephews. The brother, W. L. Matheson, and wife, Fairy Porter Hurd Matheson, were married in 1900 and from that date until after the testator's death they lived in Mooresville, North Carolina, approximately 30 miles from Charlotte. No children were born of the marriage. Fairy Porter Hurd Matheson died on 29 July, 1948. W. L. Matheson married the plaintiff, Beulah T. Matheson on 3 April, 1951. They lived together until his death on 18 January, 1956.

At the time of the testator's death, nine nephews and nieces by birth and one by adoption were living. No additional ones have come into being since that date.

After making certain specific bequests the testator, in Item XIII of his will, devised and bequeathed to his named trustees all the residue of his real and personal property to be disposed of by dividing the income into 72 equal parts. "They shall pay 12/72nds to my brother W. L. Matheson and his wife, of the Town of Mooresville, North Carolina, in equal parts for their lifetime. Should either of them die before the termination of this trust, said trustees shall pay the whole of said income to the survivor of them during the lifetime of such survivor. In event both of them shall die before the termination of this trust, . . . the said trustees shall pay said income in equal parts to my nieces and nephews, until the termination of the trust created in this Item XIII, exclusive of Jean Booth Matheson . . . for whom I have made provision hereinafter."

In Item XVI the will provided that the trustees shall continue to hold 12/72nds of the *corpus* of the fund "for the benefit of my said brother W. L. Matheson and his wife, paying the net income therefrom to my said brother and his wife in equal parts or to the survivor of them for the lifetime of such survivor. Upon the death of the survivor of them, said trustees shall distribute said 12/72nds interest so held by

them equally among my nieces and nephews, exclusive of Jean Booth Matheson, for whom I have hereinbefore made provision."

The trustees paid 12/72nds of the income in equal parts to W. L. Matheson and his wife, Fairy Porter Hurd Matheson, until the latter's death on 29 July, 1948, and thereafter paid all the income to W. L. Matheson, the survivor, until his death on 18 January, 1956. The trustee now has for distribution under Item XVI of the will, approximately $123,000.00.

The court found facts, of which the above is a summary, and concluded as a matter of law" . . . the interests in remainder in the 12/72nds of the trust estate, of which W. L. Matheson and his wife were the beneficiaries for their lifetime and the lifetime of the survivor, vested in the nieces and nephews of the testator as of the date of his death, 5 August 1937; that no nieces or nephews of the testator came into being subsequent to the date of the will and that the class designated as 'nieces and nephews' closed upon the death of W. L. Matheson, 18 January 1956."

The Guardian *ad Litem* appointed to represent all unborn nieces and nephews contends the roll cannot be called and the nieces and nephews who take be known until the death of the plaintiff, Beulah T. Matheson, second wife of W. L. Matheson.

The court, by judgment, ordered the trustee to distribute the *corpus* of the 12/72nds of the trust estate held for the benefit of W. L. Matheson and his wife, together with all income accrued after 18 January 1956, to the nieces and nephews designated in the judgment dated 4 March, 1957, each to receive a one-ninth part thereof. To the court's findings and judgment, the plaintiff and the Guardian *ad Litem* appealed, assigning errors.

*Kennedy, Covington, Lobdell and Hickman,*
*By: W. T. Covington, Jr., for plaintiff, appellant.*

*Harry C. Hewson, for Guardian ad Litem, appellant.*

*Taliaferro, Grier, Parker & Poe,*
*By: Joseph W. Grier, Jr.,*

*Sydnor Thompson, for defendant Nell Coffey Linney, appellee.*

*Charles W. Campbell, for defendants Mary Ayres Payne Campbell and William M. Payne, appellees.*

*Scott, Collier & Nash,*
*By: Robert A. Collier, for defendant Lucile M. Abernethy, appellee.*

*Deal, Hutchins & Minor,*
*By: Roy L. Deal, for defendants Margaret Linney Coffey, Mary Frances Linney Brewer, and Kenneth Bogle Linney, appellees.*

*Raymer & Raymer,*

*By: A. B. Raymer, for defendants Glenn Holland and Robert Glenn Holland, appellees.*

*Harry R. Stanley, for defendant Mamie Lee Matheson, appellee.*

HIGGINS, J.   Stripped of its nonessentials, the question presented is this: Does the plaintiff, Beulah T. Matheson, acquire any right to the income under Items XIII and XVI of the will of James Pleasant Matheson?   At the time the will was executed in 1934, and likewise at the time of the testator's death in 1937, W. L. Matheson and his wife, Fairy Porter Hurd Matheson, lived in Mooresville, North Carolina. They had lived together since their marriage in 1900.   Fairy Porter Hurd Matheson was well known to the testator.   After the testator's death the brother, W. L. Matheson, and his wife, Fairy Porter Hurd Matheson, received the income from the fund in equal parts until her death in 1948.   Thereafter W. L. Matheson, the survivor, received the entire income until his death in 1956.   Nothing appears in the will or in the attendant circumstances surrounding the testator, at the time he made it, to indicate he had in mind as a beneficiary any wife of his brother W. L. Matheson, except the one to whom he was then married and with whom he then lived in Mooresville, N. C.

Item XIII disposes of the income during the life of the trust.   Item XVI disposes of the *corpus* at the end of the trust period, except as to the 12/72nds thereof which the trustees "shall continue to hold" and pay the income to W. L. Matheson and wife exactly as directed in Item XIII.   The two items must be construed together.

The plaintiff's contention the gift to the wife of W. L. Matheson is a class gift is without support.   A gift to children or to nieces and nephews may be, and often is, a gift to a class.   Ordinarily, however, wives do not come as a class—they come one at a time.

A gift to a man and his wife is a gift to the wife living at the date of the will "or at the date from which the will is deemed to speak." *Williams v. Alt,* 226 N.Y. 283, 123 N.E. 499; *Gurley v. Wiggs,* 192 N.C. 726, 135 S.E. 858; *Hill v. Aldrich,* 326 Mass. 630, 96 N.E. 2d 147; *In re Fitzgerald's Estate,* 32 N.Y.S. 2d 1004, 178 Misc. 15; *Beers v. Narramore,* 61 Conn. 13, 22 A. 1061; *Trust Co. v. Green,* 239 N.C. 612, 80 S.E. 2d 771; *Doherty v. Russell,* 116 Me. 269, 101 A. 305; *Rogers v. Rogers,* 22 N.Y.S. 2d 659, 174 Misc. 841; *Meeker v. Draffen,* 201 N.Y. 205, 94 N.E. 626.

This Court, speaking through *Barnhill, J.* (later *C. J.*), in the case of *Byrd v. Patterson,* 229 N.C. 156, 48 S.E. 2d 45, said:

"Thus a conveyance, *Ballard v. Farley,* 226 S.W. 544, or a devise, *Motley v. Whitemore,* 19 N.C. 537, to a named man 'and wife' or a

deed to a designated person 'and children' conveys an estate to the 'wife' or 'children' living at the time of the execution and delivery of the deed, or, in the case of a will, at the death of the testator. *Darden v. Timberlake,* 139 N.C. 181; *Buckner v. Maynard,* 198 N.C. 802, 153 S.E. 458; *Cullens v. Cullens,* 161 N.C. 344, 77 S.E. 228; *King v. Stokes,* 125 N.C. 514; *Helms v. Austin,* 116 N.C. 751; *Gay v. Baker,* 58 N.C. 344. It is just as effectual as if the name of the wife or child or children had been given in full, 6 Thompson, Real Property, 322, 325, and extrinsic evidence is admissible for the purpose of fitting the description to the person or persons intended. 16 A.J. 482; 6 Thompson, Real Property, 322, 325; *Gold Mining Co. v. Lumber Co.,* 170 N.C. 273, 87 S.E. 40."

Under the factual situation presented here, the bequest to W. L. Matheson and wife of Mooresville, North Carolina, is a bequest to W. L. Matheson and wife, Fairy Porter Hurd Matheson, as effectively as if her name were inserted in the will. The trustees have carried out the trust by paying the net income to W. L. Matheson and wife, Fairy Porter Hurd Matheson, in equal shares until her death, and in paying all income thereafter to W. L. Matheson, the survivor, until his death. By the express provisions of the will the bequest of the income then terminated. It is now the duty of the trustees to distribute the *corpus* of the fund and all income therefrom since 18 January, 1956, to the nine nieces and nephews designated by Judge Sharp in the judgment of 4 March, 1957, or to those who legally represent them.

The evidence and the amendment to the complaint offered in the court below were immaterial. The motion to amend here is denied for that reason. The judgment is

Affirmed.